Burke, J.
The defendants in this case are charged with murder in the first degree. Following their arrests, defendants Burrelle and Weston made admissions and gave statements, each claiming that another of the defendants had shot the victim after the victim had struck the man who allegedly fired the gun. Defendant Grant denied that there had been a robbery or that he had shot anyone. Nevertheless, he did concede that there had been an attempt by “X” to obtain money owed him by the victim and that this precipitated the firing of the shot. They were tried jointly for murder in the first degree, after a pretrial motion for separate trials by defendant Burrelle was denied.
At the outset, it is to be noted that the physical charactéristics of these three defendants were totally different. Indeed, they had in the past acquired the nicknames “ Fats ”, “Slim” and ‘ ‘ Shorty ’ ’. Grant was the heaviest by far of the lot, while Weston was considerably taller than Burrelle. Upon the trial, the statements and confessions of the various defendants were redacted by use of the letter “X” wherever another of the defendants was referred to, whether by their proper name or by nickname, but whatever protection from prejudice this might have afforded the other defendants was vitiated by the testimony of an assistant district attorney and two police officers who, in testifying as to the taking of these statements, recounted how “ Fats ”, “ Slim ” and “Shorty ” were implicated in the crime by the various declarants. This testimony was in accord with the written, redacted confessions previously introduced, with the exception that the persons referred to initially as “ X ” were now unmistakably identifiable to the jury.
*270 The situation here is not unlike People v. La Belle (18 N Y 2d 405). There, we held (p. 409) that, while a trial court might, be acting properly in refusing to order severance prior to the trial, nevertheless, this court may take a retrospective view and determine whether ‘‘ ‘ injustice or impairment of substantial rights unseen at the beginning ’ has occurred (People v. Fisher [249 N. Y. 419, 427]).” In this case, the initial refusal to grant a severance may well have been proper. Indeed, the attorneys for defendants Weston and Grant opposed this motion by Burrelle for “strategic” purposes. The use of properly redacted confessions in joint trials without violating the rights of the defendants involved is well recognized. However, when testimony is later introduced to sterilize the effect of the redaction, the defendants are at that time deprived of a fair trial. As stated in La Belle, the disposition of such a motion for severance is subject to retrospective analysis.
Clearly, Burrelle, as movant for a severance, is entitled to a new and separate trial. In like manner the references to defendant Grant as “ Fats ” were very prejudicial and also call for a separate trial. In the unique circumstances of this joint trial defendant Weston must necessarily be tried separately to satisfy standards of justice.
The judgments of conviction should be reversed, and separate trials ordered.