■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DERY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession and sale of cocaine. The testimony of an accomplice and a police officer concerning defendant's participation in a similar drug transaction six days before the incident in question was properly admitted. The prior sale was intrinsic to the bargaining between defendant, his accomplices and the undercover officer and established defendant's intent and a common scheme or plan in the transaction that was the subject of the indictment *(see, People v Vails,* 43 NY2d 364, 368-369; *People v Jackson,* 39 NY2d 64, 67-68; *People v McKinney,* 24 NY2d 180, 184-185; *People v Molineux,* 168 NY 264, 291-294). Defendant was not denied his statutory right to a speedy trial because the time in which a codefendant's motion to dismiss the indictment was pending is excludable *(see,* CPL 30.30 [4] [d]). The remaining time chargeable to the People was less than the six months required by statute *(see,* CPL 30.30 [1] [a]). The prosecutor's reference in his summation to the credibility of the witnesses was a fair response to defense counsel's summation *(see, People v Anthony,* 24 NY2d 696, 703-704; *People v Marks,* 6 NY2d 67; *People v McCloskey,* 92 AD2d 672, 673-674). We have considered defendant's other claims and find them lacking in merit. (Appeal from judgment of Onondaga County Court, Burke, J.—criminal possession of controlled substance, first degree, and another charge.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Pine, JJ.