(February 11, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VIDAL, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J., on motions; Richard Carruthers, J., at trial), rendered August 15, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal use of drug paraphernalia, and sentencing him to concurrent terms of imprisonment of 15 years to life, 1 to 3 years, and 1 year, respectively, and order of the same court, entered on or about February 29, 1988, denying defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously affirmed.

This appeal brings up for review the denial of defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. Since defendant was arrested on April 24, 1986 and arraigned on June 3, 1986, forty days were properly charged to the People *(People v Correa,* 77 NY2d 930). Several adjournments followed, which were not charged to the People and are not challenged. On August 12, the case was adjourned until August 15 because of the People's failure to respond to defendant's omnibus motion, resulting in three days being charged to the People. On August 15, the People still had not responded to the motion, and the case was adjourned until September 16. However, because the People filed their response to the motion on August 27, the People were properly charged with only 12 days, the period thereafter being excludable as time during which defendant's motion was under consideration by the court (CPL 30.30 [4] [a]; *People v Moorhead,* 61 NY2d 851).

On September 16, 1986, and again on September 30, the case was adjourned at defendant's request so that he might formally retain private counsel, and also at the request of co-defendant's counsel because he was otherwise engaged. These periods properly were not charged to the People. On October

14, defendant and co-defendant both requested an adjournment, and thus no time was charged to the People (CPL 30.30 [4] [b]; *People v Worley,* 66 NY2d 523, 527). Also, the period of time between September 23, 1986, when the People moved to amend the indictment and October 14, 1986, when that motion was granted, was properly excluded *(People v Fluellen,* 160 AD2d 219, 223). The record does not support defendant's contentions that these adjournments were requested only by co-defendant's counsel, and that the People failed to respond properly to his discovery demand, the People having made available for copying or testing tapes and other recordings within the meaning of CPL 240.20. Any delay, then, was caused by defendant.

On January 13, 1987, the People responded to defendant's motions for severance and other relief, although they did not at that time respond to co-defendant's speedy trial motion. Counsel himself, however, on that date requested an adjournment in order to reply to the People's response to his own motions. The adjournment until February 3, 1987 was therefore excludable. The People answered ready for trial February 3, 1987. Thereafter, the People maintained readiness *(see, People v Anderson,* 105 AD2d 38, *affd* 66 NY2d 529), the adjournments being at defendant's request. The adjournment from April 29, 1987 until May 12 was due to counsel's nonappearance (CPL 30.30 [4] [f]; *People v Chang,* 160 AD2d 469, *lv denied* 76 NY2d 786), and the next two adjournments were made because co-defendant's counsel was otherwise engaged *(People v Anderson, supra,* at 39). Since the minutes for June 3, 1987 were not available, the People could not establish a reason for the next 48-day adjournment, and the Court properly charged them for the time up to July 21. On July 21, and August 3, the People answered not ready, and the court properly charged them with the next 13-day, and 15-day adjournments, until August 18, at which time it appears that there was an adjournment on consent, and thus we cannot conclude that the court erred by not charging the People with the period ending September 10.

On September 15, 1987, the People were not ready, but co-defendant's counsel was engaged and requested an adjournment. On October 6, the People answered ready for trial, but co-defendant's counsel again requested an adjournment. Defendant contends that since severance eventually was granted, and since a severance should be effective nunc pro tunc, the People should not get the benefit of co-defendant's requests for an adjournment. We reject this contention. Although the

ultimate grant of a severance motion may warrant retroactive analysis to determine whether injustice occurred as a result of prior joinder *(see, People v Burrelle,* 21 NY2d 265, 270), it still remained defendant's burden to demonstrate good cause (CPL 200.40 [1]), which he failed to do. We note that the court granted the severance, not because it was required for trial, but in order to accommodate the court and its determination of evidentiary questions. We also note that the delay caused by co-defendant was not so lengthy or unreasonable as to remove it from the exclusion provided by CPL 30.30 (4) (d) *(see, People v Robles,* 139 AD2d 781, 782, *lv denied* 72 NY2d 865).

On October 6, the People answered ready for trial but co-defendant's counsel requested an adjournment; on November 10, neither defense counsel appeared and the case was adjourned until November 17; on November 18, a part was unavailable for trial; on December 22, the People again answered ready, but the case was adjourned at defendant's request to February 1, 1988; and on February 1, trial commenced—these periods of time were all properly excluded. After commencement of trial, the court severed the cases, and adjourned defendant's trial to February 23, and on February 16, defendant made the instant CPL 30.30 motion. By not challenging subsequent periods in his motion, defendant waived claims in respect thereto *(People v Watts,* 78 AD2d 1008), but since defendant's motion was under consideration, these periods would have been excluded in any event.

The periods of time chargeable to the People do not exceed the statutory limit of 180 days. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.