■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNEDY ANTONIO CORPORAN, Appellant. [633 NYS2d 33] —Judgment, Supreme Court, New York County (Renee White, J., on speedy trial motion; Patricia Ann Williams, J., at trial and sentence), rendered February 1, 1994, convicting defendant, after a jury trial, of criminal sale and possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 2 to 6 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied since the court properly excluded the fifteen days between March 22 and April 6, 1993 upon the ground that the adjournment was precipitated by the failure of counsel for the codefendant to appear and the need to ascertain whether the codefendant was, in fact, represented by counsel (CPL 30.30 [4] [f]). Without this fifteen day period, there was insufficient includable time to require dismissal. Moreover, the court should have also excluded the period from May 18 to June 9, 1993, wherein the adjournment was explicitly requested by defense counsel.

Defendant's argument that the prosecutor committed misconduct in summation is unpreserved for appellate review and we decline to reach it in the interest of justice (CPL 470.05 [2]). In any event, the prosecutor did not mischaracterize the defense in arguing that defense counsel had accused the People's witnesses of lying and therefore, it was not improper for the People to respond by arguing that the witnesses lacked any motive to lie (*see, People v Bailey*, 58 NY2d 272, 277). Defendant was not deprived of a fair trial by the court's refusal to give a "police witness" charge where the police officers were the only witnesses to testify (*People v Miller*, 159 AD2d 224, *lv denied* 76 NY2d 739) and the court gave appropriate instructions to the jury on assessing a witness's credibility. Concur— Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.