■ The People of the State of New York, Respondent, v James Roberts, Appellant. [653 NYS2d 332] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered May 31, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The two contested periods of time at issue on this appeal consist of delay immediately following defendant's return on a bench

warrant, which is not chargeable to the People (*see, People v Muhanimac*, 181 AD2d 464, *lv denied* 79 NY2d 1052), and a reasonable adjournment from the date defense omnibus motions were decided and a hearing ordered to the date the hearing and trial was scheduled, which is also excludable (*People v Green*, 90 AD2d 705). As such, the total of includable days between defendant's arraignment and trial was 129 days.

We reject defendant's argument that the trial court should have granted his motion for a mistrial when, after the jury was sworn but prior to any other proceedings involving the jury, one juror was discharged at defendant's request for newly discovered cause (CPL 270.15 [4]) and replaced by the lone alternate, whereupon a second juror was similarly discharged, thus reducing the number of sworn jurors to below 12. Since no witness had yet been sworn, CPL 270.15 (4) authorized the court to fill the second vacancy by resuming jury selection. With respect to that vacancy, "the selection of the jury [was] completed in the manner prescribed in this section", while with respect to the first vacancy, "the alternate juror whose name was first drawn and called [took] the place of the juror so discharged" (CPL 270.15 [4]). Under a reasonable reading of the statute (McKinney's Cons Laws of NY, Book 1, Statutes § 143; *see also, People v Alston*, 88 NY2d 519, 526-527), the court was authorized to employ both methods, in the order dictated by the circumstances. In any event, this procedure, even if it could be viewed as erroneous, caused no prejudice to defendant and would not require reversal (*cf., People v Cassado*, 156 AD2d 183, *lv denied* 75 NY2d 917).

The People made a sufficient factual showing to warrant closure of the courtroom during the undercover officer's testimony, including a sufficiently particularized showing of the necessity for exclusion of defendant's mother (*see, People v Nieves*, 232 AD2d 305). Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.