■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HEINE, Appellant. [656 NYS2d 258] —Judgment, Supreme Court, New York County (Juanita Bing Newton and Harold Beeler, JJ., on speedy trial motions; Nicholas Figueroa, J., at jury trial and sentence), rendered November 22, 1995, convicting defendant of assault in the second degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent prison terms of $3^1/_2$ to 7 years and 1 year, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant's two speedy trial motions were properly denied. The hearing courts' findings of excludability are supported by the record. The totality of the record establishes that defendant expressly consented to the delay between July 27 and September 30, 1993 (*see*, *People v Waring*, 206 AD2d 329, 330, *lv denied* 84 NY2d 940), and we reject defendant's various arguments to the contrary. The four days between September 2 and September 6, 1994 were properly excluded as the People were unaware of the court's decision on a motion until announced from the bench on September 6, 1994, even though the written decision was dated four days earlier (*see*, *People v Rowe*, 227 AD2d 212, *lv denied* 88 NY2d 993). The period between October 14 and November 15, 1994 was properly excluded as a reasonable amount of time to prepare the case following motion practice (*supra*). The time between February 23 and March 15, 1995 was excludable as a reasonable time to respond to a defense motion (*see*, *People v Brown*, 227 AD2d 237). Review of the claim regarding the time between August 25 and September 19, 1995 is foreclosed because defendant did not make a further speedy trial motion covering this period (*see*, *People v Vidal*, 180 AD2d 447, *lv denied* 80 NY2d 839).

The testimony and prosecutorial comments regarding the underlying uncharged crime were properly allowed as directly related to requisite elements of the charged crimes (*see*, *People v Malsh*, 188 AD2d 686, 688, *lv denied* 81 NY2d 973). The People were required to prove that the police were performing a lawful duty and effectuating an authorized arrest, and were under no obligation to accept defendant's offer to stipulate to

these elements (*People v Hills*, 140 AD2d 71, *lv denied* 73 NY2d 855). Moreover, the evidence was admissible to complete the narrative and counter defense contentions.

CPL 710.30 (1) (b) notice was not required because there was no testimony by an identifying witness within the meaning of that provision. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.