■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RODNEY DAVID, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK McDOWELL, Respondent. [679 NYS2d 354] —Orders, Supreme Court, New York County (Budd Good-

man, J.), entered March 1, 1996 and June 6, 1996, which granted each defendant's motion to dismiss the indictment, charging them with attempted murder in the second degree and related crimes, pursuant to CPL 30.30, and a third order, same court and Justice, entered March 1, 1996, which granted defendant McDowell's motion to dismiss the indictment, separately charging him with criminal possession of a weapon in the second and third degrees, pursuant to CPL 30.30, unanimously reversed, on the law and the facts, the motions to dismiss denied and the indictments reinstated.

By Indictment No. 7260/94, both defendants were charged with a gunpoint robbery during which David's gun misfired twice when he pulled the trigger, and McDowell pistol-whipped one of the victims. By Indictment No. 7255/94, McDowell was separately charged in connection with his gunpoint encounter with one of the victims the day after the robbery. Felony complaints were filed on July 30, 1994, and the indictments were filed on August 8, 1994.

By order dated May 15, 1995, the People's motion to consolidate the two indictments was granted with respect to the suppression hearings and denied with respect to trial. Following the suppression hearings in August 1995, the motions to suppress were denied by written decision dated September 28, 1995 (Herbert Altman, J.).

The People filed a Certificate of Readiness on November 17, 1995 as to both indictments, as well as to an unrelated murder indictment against McDowell. However, McDowell had already moved on October 16, 1995 to dismiss Indictment No. 7255/94 on speedy-trial grounds, and he moved to dismiss Indictment No. 7260/94 on the same grounds on November 27, 1995. David made a similar motion on March 6, 1996.

The six-month period within which the People were obligated to be ready for trial pursuant to CPL 30.30 (1) (a) commenced on July 30, 1994 with the filing of the felony complaints against the two defendants (*People v Sinistaj*, 67 NY2d 236) and consisted of 184 days, not counting any delays excludable under CPL 30.30 (4).

With respect to Indictment No. 7255/94, the court concluded that the People were responsible for 213 days of delay, of which we conclude that 39 days were improperly found to be includable. Thus, the People were responsible for only 174 days, within the permissible 184-day limit. With respect to Indictment No. 7260/94, the court charged the People with 245 days of delay as to McDowell and 199 days as to David. We find that, as to both defendants, the People should only have been

charged with 131 days of delay, well within the 184-day period. We turn first to Indictment No. 7255/94 and then to No. 7260/94 as to each defendant separately, with reference only to the contested periods of delay.

### Indictment No. 7255/94 (McDowell only)

At the outset, before turning to the periods that were improperly charged to the People, we note that the 36-day delay from December 12, 1994 to January 17, 1995 was properly charged to the People as in excess of a reasonable time within which to prepare for suppression hearings because including this time would bring the *total* period of delay for this purpose to two months. While as much as 34 days may be reasonable for this purpose (*People v Silas*, 233 AD2d 103, *lv denied* 89 NY2d 946), two months, under the circumstances, is not.

Further, with respect to the 22 days charged to the People for the period from January 26, 1995 to February 17, 1995, the People are not entitled to rely on the court's erroneous statement at the time that the entire period at issue was excludable; under *People v Smith* (82 NY2d 676), they are chargeable with the time beyond the date to which they had requested an adjournment, absent defense counsel's express consent or the People's statement of readiness. As the *Smith* decision notes, it is precisely to avoid the "need for a court to determine to whom adjournment delays should be charged" that the prosecution is required to file a statement of readiness or announce its readiness in open court (*supra*, at 678).

February 17, 1995 to March 10, 1995 (21 days). McDowell's attorney did not appear on February 17th due to illness, although defendant himself appeared. On the CPL 30.30 motion, the court found this time chargeable to the People because they had not announced their readiness and defendant did not consent to the adjournment to March 10th. The People correctly argue that, notwithstanding their unreadiness, they are not chargeable with delay "caused predominantly by defense counsel's absence" (*People v Brown*, 195 AD2d 310, 311, *lv denied* 82 NY2d 891). Such circumstance, we have found, comes within the express provisions of CPL 30.30 (4) (f), which excludes periods "during which the defendant is without counsel through no fault of the court" (*see, People v Lassiter*, 240 AD2d 293).

September 28, 1995 to October 16, 1995 (18 days). On September 28, 1995, the suppression court rendered its decisions denying the motions to suppress. Both sides discussed

setting a trial date for this indictment, and October 17, 1995 was set for trial. However, on October 16th, McDowell filed his speedy-trial motion to dismiss this indictment. Although the court determined that the time was chargeable to the People because they had not announced their readiness, this 18-day period constitutes a reasonable amount of time that the People are permitted following the court's decision on the suppression motions to prepare for trial and thus should have been excluded (*see, e.g., People v Roberts*, 236 AD2d 233, *lv denied* 91 NY2d 836; *People v Chambers*, 226 AD2d 284, *lv denied* 88 NY2d 981). Defendant's claim that in fact the People had the suppression court's decision two weeks earlier is not preserved for review (*see, People v Goode*, 87 NY2d 1045), having failed to raise it in his motion, and is also unsupported by the record. In any event, even with the alleged additional two weeks, the total time (32 days) would not be so long as to render it unreasonable (*see, People v Heine*, 238 AD2d 212, *lv denied* 90 NY2d 905).

Without these 39 days that the court erroneously found includable, the 213-day total the court charged to the People is reduced to 174 days, within the permissible 184 days. Accordingly, this indictment should be reinstated.

## Indictment No. 7260/94 (McDowell)

Again, before addressing the delays improperly attributed to the People, we note that the first challenged period of delay, from August 25, 1994 to September 9, 1994 (15 days) was properly excluded by the court. It is generally true, as defendant argues, that time between arraignment and assignment to an IAS Part is chargeable to the People (*see, People v Collins*, 82 NY2d 177). Here, however, not only is the argument unpreserved, but the matter was adjourned to September 9th for the submission of defendant's pre-trial motions, and the record reflects that defendant's motions were submitted on that date. Under such circumstances, where the record shows than the arraignment court adjourns a case for motion practice, the period is excludable (*see, People v Driver*, 248 AD2d 172, 173).

October 15, 1994 to October 21, 1994 (6 days). On October 7, 1994, in the absence of McDowell and his attorney, David's counsel represented that the parties had agreed to a schedule whereby the prosecutor would respond to his omnibus motion within a week and that the matter would be adjourned to October 21st. Because the court stated that this was not a good date, the matter was adjourned to November 17th instead. Due

to co-counsel's consent to the motion schedule, this six-day period should not have been charged to the People; an adjournment granted at the co-defendant's behest is excludable as to defendant as well (*see, People v Vidal*, 180 AD2d 447, *lv denied* 80 NY2d 839).

December 12, 1994 to February 17, 1995 (67 days). On November 17, 1994, co-defendant David's attorney asked to be relieved due to "irreconcilable differences" with his client, who agreed to the request. The case was adjourned as to both defendants for the purpose of securing new counsel for David, but thereafter, on three different adjourned dates (December 12, 1994, January 4, 1995, January 26, 1995), various complications arose (including financial questions concerning his right to court-appointed counsel), and David was effectively without representation until February 17th. During this time, the People did not announce their readiness and McDowell did not consent to any adjournments; accordingly, the court determined that the entire period of 67 days was chargeable to the People. This was error, as David's lack of counsel was not through the fault of the court (CPL 30.30 [4] [f]), and CPL 30.30 (4) (d) provides that the People may not be charged with "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance."

Realistically, proceedings on the joint indictment could not go forward without counsel for David, and we have specifically held that "adjournment[s] precipitated by the failure of counsel for the codefendant to appear" are excludable (*People v Corporan*, 221 AD2d 168, *lv denied* 88 NY2d 935).

February 17, 1995 to March 10, 1995 (21 days). As discussed with respect to Indictment No. 7255/94, *infra*, this 21-day period should have been excluded because McDowell's counsel failed to appear due to illness, and such delay comes within the exception to includable time as provided in CPL 30.30 (4) (f).

September 28, 1995 to October 17, 1995 (19 days). On September 28th, as previously noted, the suppression court rendered its decisions denying the motions to suppress in all respects, and the indictments at issue were adjourned to October 17th for trial. As discussed in connection with Indictment No. 7255/94, a reasonable time following the court's decision on suppression motions is permitted the People to prepare for trial, and this 19-day period is clearly a reasonable period of time for that purpose (*see, People v Heine, supra; People v Roberts, supra; People v Chambers, supra*).

November 16, 1995 to November 17, 1995 (1 day). On November 16, 1995, co-defendant David moved to dismiss this indictment on the ground that the Grand Jury proceeding had been defective, and the case was adjourned to November 27th for the People's response. However, the People filed a Certificate of Readiness for both Indictment No. 7255/94 and No. 7260/94 on November 17th. This one-day delay should not have been charged to the People as to McDowell because, despite his failure to consent to an adjournment, delay attributable to motion practice is excludable; a motion brought by his co-defendant is excludable as to McDowell as well (*see, People v Dery*, 115 AD2d 996).

Accordingly, five periods (6 days, 67 days, 21 days, 19 days, and 1 day) totalling 114 days were incorrectly charged to the People, leaving only 131 of the 245 days calculated by the court properly includable time. This is well within the 184-day period and thus the indictment as against McDowell should be reinstated.

### Indictment No. 7260/94 (David)

February 17, 1995 to March 17, 1995 (28 days). As discussed with respect to both indictments against McDowell, McDowell's counsel did not appear on February 17th due to illness and requested a conference on March 10th to discuss all three of McDowell's pending cases. The court charged this time to the People because they were not ready and David did not consent to an adjournment. However, because of the absence of McDowell's counsel, the delay was excludable not only as to McDowell but also as to David as well, as an adjournment "precipitated by the failure of counsel for the codefendant to appear" (*People v Corporan, supra*).

With respect to the delay between March 10th (the date set for McDowell) and March 17th, however, the time is not chargeable to the People as to David because on March 10th the People announced their intention to file a motion to consolidate the indictments against McDowell for purposes of hearings and trial. As previously noted, time consumed by such motion practice is excludable as to both defendants (*see, People v Coulter*, 240 AD2d 756, *lv denied* 91 NY2d 871; *People v Bissereth*, 194 AD2d 317, *lv denied* 82 NY2d 714; *People v Dery*, 115 AD2d 996, *supra),* and this period should not have been charged to the People.

March 17, 1995 to April 7, 1995 (21 days). As just discussed, the March 17th date had been scheduled for purposes of the suppression hearing as to David, but prior to that date, the

People announced their intention to file a motion to consolidate the indictments against McDowell; this motion was filed on April 7, 1995. For the reasons set forth above, the time during motion practice as to one defendant is excludable not only as to him but as to his co-defendant as well. Thus, this period, too, was wrongly charged to the People.

September 28, 1995 to October 17, 1995 (19 days). This time period was addressed in connection with the indictments against McDowell. As noted, this 19-day period following the decision on the suppression motions and prior to the date set for trial should have been excluded as a reasonable time within which the People were to prepare for trial.

Thus, three periods (28 days, 21 days, 19 days) totalling 68 days were improperly charged to the People. Without them the court's 199-day total is reduced to only 131 days of includable time, and therefore the indictment should be reinstated as to David as well. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.