■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY DOUGLAS, Appellant. [696 NYS2d 115] —Judgment, Supreme Court, New York County (Juanita Bing Newton and Bruce Allen, JJ., on speedy trial motions; Daniel FitzGerald, J., at jury trial and sentence), rendered June 8, 1995, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

Defendant's speedy trial motions were properly denied. The period from December 2, 1993 to January 6, 1994 was correctly excluded from the time chargeable to the People, pursuant to CPL 30.30 (4) (f), based on defense counsel's failure to appear for the calendar calls on December 2 and 14, 1993, regardless of the fact that the People had not yet declared readiness (*see, People v David*, 253 AD2d 642, 644, *lv denied* 92 NY2d 948; *People v Lassiter*, 240 AD2d 293, 293-294; *People v Brown*, 195 AD2d 310, 311, *lv denied* 82 NY2d 891). Moreover, the record establishes that the December 14 adjournment was due to counsel's engagement on trial. The certificates of readiness the People filed subsequent to answering not ready on August 2, 1994, January 25, 1995, and February 8, 1995, served "to toll the 'speedy trial clock' from running for the remainder" of the adjournment periods (*People v Stirrup*, 91 NY2d 434, 440), and

the good faith of such a certificate is not negated by the People's subsequent unreadiness at the next calendar call (*People v Acosta*, 249 AD2d 161, *lv denied* 92 NY2d 892). The record fails to support defendant's claim that the certificates were illusory. Accordingly, the court correctly excluded from time chargeable to the People the periods that followed filing of the aforementioned certificates. Defendant's arguments as to other periods of time are unpreserved, and we decline to consider them in the interest of justice. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ.