■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN GONZALEZ, Respondent. [700 NYS2d 35] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosenzweig, J.), dated February 18, 1999, as, upon reargument, granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is denied, and the indictment is reinstated.

At a pretrial court appearance, the Supreme Court, Queens County (Rotker, J.), directed the defendant to file his omnibus motion by August 14, 1998, and the People to file their response by August 28. At the next court appearance on September 11, 1998, the Supreme Court learned that the People had not yet responded to the defendant's timely motion. Accordingly, the court directed the People to file their response by September 25, adjourned the case to October 8, and stated that the entire period from August 14 to October 8 should be charged to the People. It is undisputed that the People filed their response to the motion on September 17. The defendant subsequently moved to dismiss the indictment pursuant to CPL 30.30, contending, *inter alia,* that the People were chargeable with the entire 55-day period from August 14 to October 8. The Supreme Court (Rosenzweig, J.), disagreed and denied the motion. However, upon reargument, the Supreme Court determined that Justice Rotker's statement on September 11 constituted the law of the case. Thus, the court charged the

People with the entire disputed 55-day period and, adding that time to the other periods of delay attributable to the People, granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment. We reverse.

Even if the doctrine of the law of the case could be applied to a *sua sponte* remark by a court regarding the chargeability of a period of delay to a particular party (*cf., People v Berkowitz,* 50 NY2d 333), that doctrine "has no such 'binding' force on appeal since the appellate court is not a co-ordinate, but a higher tribunal" (*Martin v City of Cohoes,* 37 NY2d 162, 165, quoting *Rager v McCloskey,* 305 NY 75, 78; *see, People v Finley,* 104 AD2d 450). Accordingly, we are free to consider the merits of the defendant's motion pursuant to CPL 30.30.

It is well settled that reasonable periods of delay occasioned by a defendant's pretrial motion practice must be excluded from any computation under the statute (*see,* CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523, 527). Such periods of delay include a reasonable time for the People to respond to an omnibus motion, as well as the time taken by the court in deciding the motion (*see, People v Torres,* 60 NY2d 119, 127). The People are correct in contending that they should not have been charged with the entire 55-day period from August 14 to October 8 in this case. Rather, the period from August 14 to August 28 must be excluded, as it represents the reasonable amount of time initially set by the court for the People to respond to the defendant's motion (*see, e.g., People v Heine,* 238 AD2d 212; *People v Anderson,* 216 AD2d 309). Similarly, the period from September 17 to October 8 should not be charged to the People, since that period consists of the time taken by the court to decide the defendant's omnibus motion once both sides had submitted their papers (*see, People v Moorhead,* 61 NY2d 851; *People v Douglas,* 209 AD2d 161; *People v Vidal,* 180 AD2d 447). However, the 20-day period from August 28 (the date by which the People were originally scheduled to respond) to September 17 (the date upon which they actually did respond) is properly charged to the People, since it constitutes a period of unreasonable delay in excess of the appropriate deadline to respond which was previously set by the court (*see, People v Commack,* 194 AD2d 619; *People v Azcona,* 180 AD2d 690; *People v Vidal, supra*). Nevertheless, the addition of this 20-day period to the balance of the delay by the People in this case does not exceed the six-month limitation period of CPL 30.30.

The defendant's remaining contentions are without merit. S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.