*676 OPINION OF THE COURT
Robert M. Mandelbaum, J.
The novel question presented by this speedy trial motion is whether the People’s consent to a suppression hearing renders chargeable an otherwise excludable adjournment. This court holds that it does not.
Charged with two counts of assault in the third degree and one count of harassment in the second degree, defendant moves to dismiss on the ground that his statutory right to a speedy trial has, he contends, been violated. When, as here, a defendant is accused of a misdemeanor punishable by a sentence of more than three months in jail,[1] the People must be ready for trial within 90 days of the commencement of the criminal action (see CPL 30.30 [1] [b]), minus any excludable periods (see CPL 30.30 [4]; People v Cortes, 80 NY2d 201, 208 [1992]).[2]
On January 25, 2007, the court set a motion schedule— defense motions were to be filed by February 8, 2007 — and adjourned the case to February 21, 2007 for the People’s response to defendant’s motions and the court’s decision. By timely filed omnibus motion papers (see CPL 255.20 [2]), defendant moved, among other things, for suppression of identification testimony for which statutory notice had been previously *677 served (see CPL 710.30 [1] [b]). This adjournment for pretrial motions is excludable (see CPL 30.30 [4] [a]).
On February 21, the court ordered that an evidentiary hearing be held on defendant’s motion to suppress (see United States v Wade, 388 US 218 [1967]; Dunaway v New York, 442 US 200 [1979]; see also People v Gethers, 86 NY2d 159 [1995]; United States v Crews, 445 US 463 [1980]). The case was then adjourned to March 14, 2007 for the People to supply a voluntary disclosure form in response to defendant’s demand to produce and request for a bill of particulars, and to set a date for the suppression hearing and trial.[3] On March 14, 2007, the People filed and served their voluntary disclosure form, and the case was adjourned to May 16, 2007 for hearing and trial.
The period from February 21 through May 16 is excludable in its entirety, since the time from the determination to order an evidentiary hearing, indispensable to the court’s ability to decide the pending motion to suppress, until the first date scheduled for that hearing must be excluded as the period during which defendant’s motion was “under consideration by the court” (CPL 30.30 [4] [a]; see People v Taylor, 16 Misc 3d 339 [Crim Ct, NY County 2007] [concluding that the initial adjournment for a suppression hearing is generally excludable for purposes of statutory speedy trial]). After all, the trial could not commence until the suppression motion was decided (see CPL 710.40 [3]), and the People could not reasonably be expected to be ready for trial until they learned what evidence would be available to them as a result of the court’s suppression ruling (see Taylor, 16 Misc 3d at 344).
Defendant contends, however, that since the People consented to the suppression hearing on February 21, the resulting adjournment is nevertheless chargeable. But the People’s consent had no impact on the plain fact that defendant’s motion to suppress remained under consideration by the court, and was therefore subject to the express statutory exclusion. There is no such thing as a motion for a hearing. Rather, the Criminal Procedure Law permits a defendant to move for suppression of *678 certain categories of evidence (see CPL 710.20 [l]-[7]).[4]
[5]Faced with such a motion, a court must summarily grant the motion if the motion papers sufficiently allege a legal ground warranting suppression and the People concede the truth of all factual allegations necessary to support the motion (see CPL 710.60 [2] [a]),[6] or may summarily deny it if either the motion papers do not allege a legal basis for the motion or the sworn allegations of fact do not as a matter of law support the ground alleged (see CPL 710.60 [3] [a], [b]). If, however, the court is unable to decide the motion summarily because neither of these standards is met, it must conduct a hearing and make findings of fact “essential to the determination” of the motion (CPL 710.60 [4]). Thus, in ordering that a hearing be held, the court has not decided any motion; rather, it has expressly determined that it cannot decide the suppression motion (summarily), since it needs to resolve issues of fact in order to do so.
By consenting to hearings, the People indicate nothing more than their agreement that issues of fact exist which require the taking of testimony in order for the court to decide the defendant’s motion. Whether they signal this agreement orally, as here, or by a written response disputing the sworn allegations of fact proffered by the defendant,[6] the result is the same: a hearing must be held. By forgoing the opportunity to file responsive papers on this issue, the People merely expedite consideration of the case while saving trees, to the detriment of *679 neither party. Contrary to defendant’s contention, the People do not, by consenting to suppression hearings, concede the truth of defendant’s factual allegations offered in support of suppression (cf. People v Gruden, 42 NY2d 214 [1977] [consent to speedy trial hearing]). By definition, a consent to a hearing is an acknowledgment that a disputed factual issue exists, thereby precluding summary suppression (see People v Weaver, 49 NY2d 1012, 1013 [1980] [People need do no “more than refuse to concede the truth of facts alleged by defendant for a (suppression) hearing to be held”]; People v Brooks, 225 AD2d 1096 [4th Dept 1996] [“People are not required to submit a written answer”; motion court “erred in deeming their failure to do so a concession of defendant’s factual allegations”]; see also Barry Kamins, New York Search and Seizure § 7.02 [4], at 7-38 [2008 ed]). Plainly, the People could not, and would not, “consent to a hearing” when their good faith belief was that no issue of fact existed as to defendant’s claim. Since a hearing is warranted only when there are material facts in dispute, an attorney who consented to a hearing when he or she actually believed that the opposing party’s sworn allegations of fact were true would be committing professional misconduct (see Code of Professional Responsibility DR 7-102 [a] [2] [22 NYCRR 1200.33 (a) (2)] [“a lawyer shall not . . . (k)nowingly advance a claim or defense that is unwarranted”]). Thus, the People’s concession that a hearing is necessary cannot reasonably be taken to mean that they concede the truth of defendant’s view of the facts. Indeed, it can mean only the opposite — that they disagree with defendant’s recitation of the facts, thus requiring a hearing to resolve the controversy.
Moreover, in this case, the People filed a certificate of readiness before the hearing was ever ordered. And in the context of postreadiness delay, the People may be charged only with those periods actually attributable to them and ineligible for an exclusion (see Cortes, 80 NY2d at 208; Anderson, 66 NY2d at 536 [postreadiness delay may be charged to the People only when the cause of the delay is directly attributable to the People’s inability to proceed to trial, and even then must be excused when the delay results from excludable action taken by the defendant]; see also People v Carter, 91 NY2d 795, 799 [1998]; People v Giordano, 56 NY2d 524, 525 [1982]).
Judicial consideration of a defendant’s motion to suppress can in nowise be attributed to the People, unless some action or inaction by the People directly impedes the court’s ability to *680 decide the pending motion (see People v Douglas, 209 AD2d 161, 162 [1st Dept 1994] [“the law is clear that the People cannot be charged with the time a court takes to decide a defense motion unless the People, by their unjustified action or inaction, are directly responsible for all or a portion of the delay” (internal citations omitted)]). Accordingly, when the People are not at fault, any period of postreadiness delay resulting from the defendant’s pretrial motion practice is “simply not cognizable under CPL 30.30” (Cortes, 80 NY2d at 210).
The adjournment from February 21 through March 14 is additionally excludable as a period of delay resulting from defendant’s demand to produce and request for a bill of particulars (see CPL 30.30 [4] [a]).
Further, on February 21, a second motion schedule was set in the case of codefendant Thelma Lopez, at Lopez’s request. Lopez’s case was then adjourned to March 14, 2007 for response and decision. Under the statute, “a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to [CPL 30.30] has not run and good cause is not shown for granting a severance” must be excluded (CPL 30.30 [4] [d]). Thus, the delay attributable to the codefendant’s pretrial motions is excludable (see People v David, 253 AD2d 642, 647 [1st Dept 1998]).
On May 16, 2007, the People were not ready for hearings and trial, and the case was adjourned to June 18. Even though defendant’s suppression motion was still under consideration by the court, most of this period is chargeable to the People.[7] Once the People answered not ready on the date initially scheduled for the necessary hearing (and trial [see People v Chavis, 91 *681 NY2d 500, 505-506 (1998) (a statement of readiness for hearings is not a substitute for a statement of trial readiness)]), the clock started to run again. For at that point the People, by their nonreadiness, prevented the court from rendering its decision on the defendant’s motion to suppress, thereby impeding the case from proceeding to trial (see CPL 710.40 [3] [when a suppression motion is made before trial, the trial may not be commenced until determination of the motion]; see also People v McKenna, 76 NY2d 59, 64 [1990] [“because the trial could simply not go forward until the (defendant’s motion to inspect and dismiss the indictment) was decided, the People’s dilatory conduct in failing to provide the minutes necessary to that decision was a direct, and virtually insurmountable, impediment to the trial’s very commencement”]; People v Reid, 245 AD2d 44, 44 [1st Dept 1997] [hearing court properly charged prosecution with four periods of delay occurring while defendant’s speedy trial motion was pending; “(w)hile time periods during which such motions are ‘under consideration by the court’ are normally excludable in that these time periods directly result from action taken by the defendant, . . . the People’s abject dilatoriness in responding to the motion, preparing for the hearing thereon, and producing defendant as needed for the hearing, which delayed resolution of the motion for many months, justified charging the People for certain post-motion delays” (citations omitted)]; People v Delosanto, 307 AD2d 298 [2d Dept 2003] [People charged with additional adjournment necessitated by People’s failure to timely file response to defense motions]; People v Gonzalez, 266 AD2d 562, 563 [2d Dept 1999] [People charged with period in excess of appropriate deadline to respond that had been previously set by the court]; People v Daley, 265 AD2d 566, 567 [2d Dept 1999] [People charged with period of delay resulting from their unexcused and prolonged failure to prepare a protective order and provide the defense with a redacted copy of the search warrant and the confidential informant’s supporting affidavit; People’s failure “precluded the defendant from moving to controvert the warrant and thus effectively prevented th(e) action from going forward”]). Thus, the 18-day period from May 31, 2007 to June 18, 2007 is chargeable to the People.
On June 18, 2007, the People filed a motion to consolidate defendant’s and Lopez’s cases with that of a third codefendant, and the case was adjourned to July 11, 2007 for defendants’ response and the court’s decision. On July 11, the case was re- *682 adjourned to September 6, 2007 for the court’s decision on the motion to consolidate. This entire period is excludable (see CPL 30.30 [4] [a]; People v Osorio, 297 AD2d 231, 233 [1st Dept 2002]).
The court decided the motion to consolidate by decision and order dated August 22, 2007 and, on September 6, adjourned the case to November 5, 2007 for trial. Plainly, the People could not reasonably be expected to be ready for trial without knowing whether they would be trying the defendants together or separately. Thus, after the court decided the motion to consolidate, the People were entitled to a reasonable period to prepare for trial (see People v Green, 90 AD2d 705 [1st Dept 1982]; People v Douglas, 156 AD2d 173, 174 [1st Dept 1989] [reasonable adjournment after denial of speedy-trial motion excludable]; cf. People v Muhanimac, 181 AD2d 464, 465-466 [1st Dept 1992] [People entitled to a reasonable time to prepare for trial after a defendant is returned on a bench warrant]; Delvalle, 265 AD2d at 175 [People entitled to a reasonable time to prepare for trial after plea negotiations have failed]). Accordingly, a period of 14 days after September 6 must be excluded. Moreover, on September 20, the People filed and served a certificate of readiness, thereby rendering the remainder of the adjournment until November 5 excludable as well (see Kendzia, 64 NY2d at 337; People v Stirrup, 91 NY2d 434, 440 [1998]; see also People v Smith, 82 NY2d 676, 678 [1993]).
On November 5, 2007, the People were not ready for hearing and trial. Moreover, defendant had been incarcerated since the last adjourned date. The case was adjourned to January 2, 2008 for hearing and trial, and for the People to produce defendant. On November 26, 2007, the People filed and served a certificate of readiness. Accordingly, 21 days are chargeable to the People.
On January 2, 2008, defendant was produced, but the People were not ready. The case was therefore adjourned to February 21, 2008 for hearing and trial. On January 9, 2008, the People filed and served a certificate of readiness. Thus, seven days are chargeable to the People.
Defendant contends that the People’s November 26 statement of readiness was illusory, since he was not produced in court on November 5. Inasmuch as defendant had been out on bail since January 26, 2007, and had been making his court appearances as required, neither the People nor the court had any knowledge that defendant was incarcerated until defense counsel advised the People of defendant’s rearrest by letter dated October *683 24, 2007. Upon receipt of the letter, the People served upon the New York City Department of Correction an order to produce, issued by the court on October 29, 2007, pursuant to CPL 560.10 (2), directing defendant’s production before the court on the next scheduled adjourned date of November 5.
To be sure, the People are, as a general matter, chargeable with Correction’s failure to produce a defendant (see Anderson, 66 NY2d at 538; People v Ali, 209 AD2d 227 [1st Dept 1994]; see also People v Torres, 60 NY2d 119, 127 [1983] [“Defendant is not to be disadvantaged by reason of factionalism of the prosecutorial arm of the State”]). Thus, had the People attempted to answer ready on November 5, when defendant was not produced, defendant might have had an argument that the resulting adjournment would have been chargeable despite the People’s declaration of readiness.[8] But, here, the People answered not ready on November 5, resulting in a chargeable adjournment irrespective of defendant’s nonproduction. The People’s November 26 certificate of readiness was not illusory. Had defendant not been produced on the next adjourned date of January 2, this court would agree — in the absence of a showing of due diligence by the People[9]— that the intervening statement of readiness was ineffective. But defendant was produced on January 2 — the date on which he was in fact scheduled to be tried — thus demonstrating that the People “ha[d] done all that is required of them, to bring the case to a point where it may be tried” (People v England, 84 NY2d 1, 4 [1994] [citation omitted]). Had defendant not wished to wait until January 2 for his trial, he could have requested that the case be advanced and the People produce him sooner. That the People were not ready to proceed on January 2 (despite defendant’s production, as required) did not vitiate their earlier statement of readiness (see People v Camillo, 279 AD2d 326 [1st Dept 2001]; People v Douglas, 264 AD2d 671, 671-672 [1st Dept 1999]; People v Acosta, 249 AD2d 161 [1st Dept 1998]).
*684 On February 21, the People were not ready for trial, and defendant was not produced by the Department of Correction. The case was adjourned for hearing and trial to February 25. This four-day period is chargeable to the People. Nor is this period rendered excludable on the ground that the adjourned date was selected so that defendant’s case could “join” codefendant Lopez’s case, which had also been adjourned for trial after a previous declaration of nonreadiness by the People. That the date was chosen “for scheduling convenience purposes . . . afford[s] the People no excuse for failing to announce readiness for trial” (People v Collins, 82 NY2d 177, 181 [1993]).
On February 25, the People answered ready for hearing and trial. Defendant filed this speedy trial motion, and the case was adjourned to March 11, 2008 for response and decision. This adjournment is excludable (see CPL 30.30 [4] [a]; People v Shannon, 143 AD2d 572, 573 [1st Dept 1988]).
On March 11, the People filed their response, the court reserved decision, and the case was adjourned for decision to April 17, 2008. This adjournment is excludable (see People v Bruno, 300 AD2d 93, 95 [1st Dept 2002]).
Accordingly, since only 50 chargeable days have elapsed, defendant’s motion to dismiss must be denied.

. Defendant was initially charged by felony complaint with gang assault in the second degree (see Penal Law § 120.06). Upon defendant’s January 21, 2007 arraignment, the case was adjourned to January 25, 2007 for grand jury action. Inasmuch as the felony charge was on that date dismissed and a superseding information filed, this initial four-day adjournment is irrelevant to the determination of defendant’s motion (see CPL 30.30 [5] [c] [“where a criminal action is commenced by the filing of a felony complaint, and thereafter . . . the felony complaint is replaced with or converted to an information . . . , the period applicable (to the statutory speedy-trial calculation) must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument,” unless the aggregate of such period and the period of chargeable time already elapsed from the date of the filing of the felony complaint to the filing of the new instrument exceeds six months]; see also People v Cooper, 98 NY2d 541 [2002]).

. More precisely, when, as in this case, periods of both prereadiness and postreadiness delay are at issue, the determination whether the People have satisfied their statutory speedy trial obligation
“is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People’s declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion” (Cortes, 80 NY2d at 208).

. On February 23, 2007, during the pendency of this adjournment, the People filed with the court and served on defense counsel a statement certifying their readiness for trial (see People v Kendzia, 64 NY2d 331, 337 [1985]). Defendant contends that this statement should be deemed illusory because the People had not yet complied with his discovery demand. A failure to provide discovery, however, has no impact on the People’s ability to declare readiness (see People v Anderson, 66 NY2d 529, 537 [1985]).

. Indeed, CPL 255.10 (1) expressly limits the definition of a “[p]retrial motion” to
“any motion by a defendant which seeks an order of the court
“(a) dismissing or reducing an indictment ... or removing an action to the family court. . .; or
“(b) dismissing an information, prosecutor’s information, simplified information or misdemeanor complaint. . .; or “(c) granting discovery . . .; or “(d) granting a bill of particulars . . .; or “(e) removing the action . . .; or
“(f) suppressing the use at trial of any evidence pursuant to article 710; or
“(g) granting separate trials.”

. The motion must also be summarily granted if the People stipulate that the evidence sought to be suppressed will not be offered in evidence against the defendant (see CPL 710.60 [2] [b]).

. In most circumstances a defendant’s pretrial motions to suppress evidence must be supported by sworn allegations of fact (see CPL 710.60 [1]; see also People v Mendoza, 82 NY2d 415 [1993]; but see CPL 710.60 [3] [b]; 710.20 [3], [6]).

. The period from May 18 to May 31 must be excluded from this otherwise chargeable adjournment, since, on April 17, 2007, the court ordered suppression hearings with respect to codefendant Lopez and adjourned Lopez’s case to May 31 for the hearings and trial. As discussed above, this adjournment, excludable as the period during which codefendant’s motions were “under consideration by the court” (CPL 30.30 [4] [a]; see Taylor, 16 Misc 3d at 339), was also excludable as to defendant Williams (see CPL 30.30 [4] [d]; David, 253 AD2d at 647). In addition, on April 17, counsel for the codefendant consented to the adjournment to May 31, 2007 in order to negotiate a possible disposition with the People (see CPL 30.30 [4] [b]; People v Delvalle, 265 AD2d 174, 175 [1st Dept 1999]; see also People v Liotta, 79 NY2d 841 [1992]). This adjournment is excludable as to defendant Williams as well (see CPL 30.30 [4] [d]; People v Vidal, 180 AD2d 447 [1st Dept 1992] [consent adjournment by codefendant excludable]; People v Ali, 195 AD2d 368, 369 [1st Dept 1993] [adjournment to give new counsel for codefendant more time to consider plea offer excludable]; People v Rodriguez, 184 AD2d 317, 318 [1st Dept 1992] [delay attributable to codefendants’ plea negotiations excludable]).

. On the other hand, the People’s demonstrated efforts to produce defendant on November 5 might yet have rendered that adjournment excludable (see Anderson, 66 NY2d at 540 [CPL 30.30 (4) (e) “excludes delay resulting from defendant’s detention in another jurisdiction of which the District Attorney is aware provided he has been diligent in attempting to obtain defendant’s return. A fortiori, therefore, due diligence must be shown if detention in the same jurisdiction is to be excluded”]).

. Although the People have submitted a copy of the order, obtained by them, to produce defendant for his November 5 court date, they have not supplied a copy of whatever order appears to have succeeded in effecting defendant’s production on January 2.