People v Winston (2019 NY Slip Op 08480)





People v Winston


2019 NY Slip Op 08480


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10386 2353/14

[*1] The People of the State of New York, Respondent,
v
Tyrone Winston, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Tyrone Winston, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at suppression hearing; Bonnie G. Wittner, J. at speedy trial motion; Juan M. Merchan, J. at jury trial and sentencing), rendered July 21, 2016, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 22 years to life, unanimously affirmed.
Defendant did not preserve his statutory speedy trial claims, and we decline to review them in the interest of justice. Defendant made a generalized CPL 30.30 motion merely asserting the People's lack of readiness on various dates, and did not, by way of a reply or otherwise, challenge the People's specifically
claimed exclusions (see People v Allard, 28 NY3d 41, 46-47 [2016]; People v Beasley, 16 NY3d 289, 292 [2011]). Similarly, defendant never made any specific assertions raising factual disputes that would require a hearing (see People v Rosa, 164 AD3d 1182, 1183 [1st Dept 2005], lv denied 32 NY3d 1114 [2018]). Furthermore, he did not make a motion covering the time periods he cites on appeal that followed the court's speedy trial decision (see People v Heine, 238 AD2d 212 [1st Dept 1997], lv denied 90 NY2d 905 [1997]).
As an alternative holding, we find that defendant's statutory speedy trial rights were not violated. Although 28 of the 56 days between April 30 and June 25, 2015, and the 14 days between March 7 and March 21, 2016, should have been included, all the other periods at issue were excludable on the basis of consent, defendant being without counsel, or exceptional circumstances (see CPL 30.30[4][b],[f],[g]). When the additional days that should have been included are added to the time the motion court included, defendant's speedy trial claim still falls short of the threshold for dismissal.
Applying the factors in People v Taranovich (37 NY2d 442 [1975]), we find that defendant's constitutional right to a speedy trial was not violated. Although the 26-month delay, including a long period of incarceration, was significant, more than half of the delay is attributable to the defense, the crime was serious and defendant has not demonstrated any specific prejudice.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the victim's testimony in support of the element of physical injury (see People v Guidice, 83 NY2d 630, 636 [1994]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the [*2]alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). To the extent that, in connection with his ineffective assistance claims, defendant independently seeks reversal on concededly unpreserved claims of evidentiary and summation error, we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal.
The hearing court properly denied defendant's motion to suppress a lineup identification. Based on our review of a photograph of the lineup in the record, we conclude that defendant was not singled out for identification (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). We perceive no basis for reducing the sentence.
We have considered and rejected defendant's pro se arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK