Matter of People ex rel. Farbman v Brann (2021 NY Slip Op 05104)





Matter of People ex rel. Farbman v Brann


2021 NY Slip Op 05104


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 450599/21 Ind. No. 3266/19 Appeal No. 14205 Case No. 2021-01087 

[*1]In the Matter of The People of The State of New York ex rel. Allen Farbman, on Behalf of Dontez Daniels, Petitioner-Appellant,
v
Cynthia Brann, etc., Respondent-Respondent.


Janet E. Sabel, The Legal Aid Society, New York (Michelle Fox of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Danielle Coffey of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Daniel P. Conviser, J.), entered March 30, 2021, which denied the petition for a writ of habeas corpus and dismissed the proceeding, unanimously affirmed, without costs.
The court correctly denied the habeas corpus petition challenging the denial of petitioner's underlying CPL 30.30(2) motion for release from custody (see generally People ex rel. Fischetti v Brann, 166 AD3d 29, 38 [1st Dept 2018]). We agree that the motion court (April A. Newbauer, J.) providently exercised its discretion in excluding the initial 31-day adjournment period following the prosecutor's announcement of her intention to move for a protective order as it constituted "a reasonable period of delay resulting from . . . pre-trial motions" within the meaning of CPL 30.30(4)(a). The Court then properly charged the People the remaining 42 days from the control date to the date the motion was finally filed. The motion for a protective order was not "hypothetical," because it was ultimately brought, albeit belatedly (People v Reed, 19 AD3d 312, 315 [1st Dept 2005], lv denied 5 NY3d 832 [2005]; see also People v David, 253 AD2d 642, 647-48 [1st Dept 1998], lv denied 92 NY2d 948 [1998]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021