People v Bonilla-Benitez (2023 NY Slip Op 51393(U))

[*1]

People v Bonilla-Benitez (Kelvin)

2023 NY Slip Op 51393(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2022-934 S CR

The People of the State of New York, Appellant,
against
Kelvin J. Bonilla-Benitez, Respondent. 

Suffolk County District Attorney (Edward A. Bannan, Marion Tang and Glenn Green of counsel), for appellant.
Alia Richards, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (Eric Sachs, J.), dated May 6, 2022. The order, insofar as appealed from as limited by the brief, upon reargument, granted defendant's prior motion to dismiss the accusatory instruments on statutory speedy trial grounds.

ORDERED that the order, insofar as appealed from, is reversed, on the law, and, upon reargument, defendant's prior motion to dismiss the accusatory instruments on statutory speedy trial grounds is denied, and the accusatory instruments are reinstated.
In separate accusatory instruments, defendant was charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). At a virtual arraignment on May 31, 2021, defendant appeared with counsel from the First Appearance Program and a not-guilty plea was entered. The court adjourned the case to June 10, 2021 and directed defendant to appear with retained counsel. On June 10, 2021, defendant's retained counsel appeared and requested an adjournment for discovery purposes, and consented to July 16, 2021. On July 16, neither counsel nor defendant appeared. At the proceeding on July 16, the court clerk indicated that defense counsel was out of the jurisdiction and could not appear virtually, and that counsel had requested that the case be adjourned to August 18, 2021 or September 14, 2021. On September 14, defense counsel requested an adjournment, stating "without waivers," and consented to October 20, 2021. On October 20, defense counsel requested that the case be adjourned to November 9, 2021, and stated, "no waivers." On November 9, defense counsel requested an adjournment and consented to December 7, 2021, stating, "I will not waive." On November 15, 2021, the People filed a certificate of compliance (see CPL 245.20) and a statement of readiness, which included a [*2]certification that the accusatory instruments were legally sufficient (see CPL 30.30 [5-a]).
On December 17, 2021, defendant moved to dismiss the accusatory instruments on speedy trial grounds. Initially, the District Court (Eric Sachs, J.) denied the motion. However, by order dated May 6, 2022, upon granting the branch of defendant's subsequent motion seeking leave to reargue, the court determined that, although defense counsel requested the adjournments, the time is not excludable where defense counsel "expressly withheld consent to waiver." The court found that the time from July 16, 2021 to August 18, 2021 was excludable, since that was the actual time requested by the defense; however, the court charged the People with the 27 days from August 18, 2021 to September 14, 2021 and the 62 days from September 14, 2021 to November 15, 2021. Additionally, the court determined that the 10 days from May 31, 2021 to June 10, 2021 were chargeable to the People because the record was unclear as to whether defendant was without counsel during that period. Consequently, the court found a total of 99 days chargeable to the People and granted defendant's motion to dismiss the accusatory instruments on statutory speedy trial grounds. 
Since defendant was initially charged with class A misdemeanors, the People were required to be ready for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Once a defendant has shown the existence of a delay greater than 90 days, the burden of showing that certain periods of time should be excluded falls on the People (see People v Brown, 28 NY3d 392, 403 [2016]; People v Luperon, 85 NY2d 71, 81 [1995]; People v Berkowitz, 50 NY2d 333, 349 [1980]).
Contrary to the findings of the District Court, the period from June 10, 2021 to July 16, 2021 is excludable since that adjournment was made at defendant's request (see CPL 30.30 [4] [b]; People v Appel, 44 Misc 3d 133[A], 2014 NY Slip Op 51152[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). The period from July 16, 2021, when defense counsel failed to appear for a scheduled court appearance, to September 14, 2021 is excludable (see People v Mannino, 306 AD2d 157, 158 [2003]), as CPL 30.30 (4) (f) excludes periods during which the defendant's counsel is absent through no fault of the court (see People v David, 253 AD2d 642, 644 [1998]). The period from September 14, 2021 to November 15, 2021, the date the People filed their certificate of compliance and statement of readiness, is excludable since all of the adjournments during that period were made at defendant's request (see CPL 30.30 [4] [b]; Appel, 2014 NY Slip Op 51152[U], *2). In view of the foregoing, we need not consider the remaining challenged time from May 31, 2021 to June 10, 2021 since, in any event, only a total of 10 days would then be chargeable to the People.
We note that the statements by defense counsel of "no waivers" when she requested each adjournment did not make those times chargeable to the People. Since CPL 30.30 (4) (b) creates a statutory waiver of speedy trial time in the proceedings upon a defendant's request or consent to adjournments, a defendant cannot circumvent the exclusion thereunder by stating "no waivers," as this would undermine the clear legislative intent of CPL 30.30 (4) (b).
Accordingly, the order, insofar as appealed from, is reversed, and, upon reargument, defendant's prior motion to dismiss the accusatory instruments on statutory speedy trial grounds is denied, and the accusatory instruments are reinstated.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023