■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY CAIN, Also Known as JEREMY BAZAUYE, Appellant. [737 NYS2d 852] —Judgment, Supreme Court, New York County (Herbert Altman, J., on motions; James Yates, J., at jury trial

and sentence), rendered June 25, 1997, convicting defendant of attempted grand larceny in the third degree, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. Except as indicated, the record supports the court's findings of excludability. The period from April 11 to May 30, 1996 is excludable under CPL 30.30 (4) (e) because of the People's reasonable and diligent efforts in obtaining defendant from federal custody and under CPL 30.30 (4) (f) to allow defendant time to obtain new counsel. The periods from July 25 to October 17, 1996, November 1, 1996 to January 6, 1997, and April 10 to May 15, 1997, are excludable under CPL 30.30 (4) (a) as reasonable delay resulting from the extensive motion practice in this case and the People's need for a reasonable time to prepare for trial after the rendering of decisions on motions (*see, People v David*, 253 AD2d 642, 645, *lv denied* 92 NY2d 948). We find, however, that the 10-day period from January 6, 1997 to January 16, 1997 and the 14-day period from March 13 to March 27, 1997 are chargeable to the People for their trial unreadiness. We therefore conclude that no more than 121 days of delay are chargeable to the People, and that consequently no violation of CPL 30.30 has been established. Assuming, without deciding, that the Agreement on Detainers (CPL 580.20) applies to this case, we find no violation of that statute. We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.