■ The People of the State of New York, Respondent, v Richard Pierce, Appellant. [831 NYS2d 173]—

Judgment, Supreme Court, New York County (Renee A. White, J., on speedy trial motion; Marcy L. Kahn, J., at plea and sentence), rendered July 24, 2003, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, and order, same court (Marcy L. Kahn, J.), entered on or about September 23, 2003, which denied defendant's CPL 440.10 motion to vacate his conviction and CPL 440.20 motion to set aside his sentence, unanimously affirmed.

Defense counsel's failure, in making a speedy trial motion, to raise an appropriate argument addressing CPL 30.30 (4) (e), which deals with defendants detained in other jurisdictions, did not deprive defendant of effective assistance of counsel under either the federal or state standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The argument, if raised, would have been futile because, as the motion court found, the period of delay between the filing of the indictment on March 21, 2002 and defendant's arraignment on the indictment on November 13, 2002 was excludable except for 34 days (*see People v White*, 26 AD3d 157 [2006], *lv denied* 6 NY3d 854 [2006]). Defendant was incarcerated in Maryland at the time the indictment was filed, and the prosecution demonstrated that they knew he was incarcerated and made diligent efforts pursuant to the Interstate Agreement on Detainers to secure his attendance in New York for the arraignment (*see People v Williams*, 220 AD2d 787 [1995], *lv denied* 88 NY2d 855 [1996]). Although defense counsel's motion only addressed CPL 30.30 (4) (c) (ii), which deals with escaping and absconding defendants, the motion would still have been unsuccessful had it addressed CPL 30.30 (4) (e), because the record establishes that the People satisfied their obligation under that statute.

Similarly, defendant was not deprived of effective assistance of counsel by his attorney's erroneous advice that despite a guilty plea, an order denying a statutory speedy trial motion can be reviewed on appeal. Defendant does not claim, and there is nothing in the record to suggest, that the erroneous advice affected his decision to plead guilty (*see People v McDonald*, 1 NY3d 109 [2003]; *People v Rice*, 240 AD2d 322 [1997], *lv denied* 91 NY2d 878 [1997]; *see also Hill v Lockhart*, 474 US 52 [1985]). Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.