*143 OPINION OF THE COURT
Frank P. Nervo, J.
Defendant moves to dismiss the information under CPL 30.30 (1) (b), asserting that more than 90 days has elapsed from the beginning of the criminal action’s commencement. Although defendant’s attorney neglected to sign his affirmation in support of the motion, the People do not raise an objection to this omission, and the court will overlook it.
The People concede that 52 days are chargeable to them. However, they argue that an additional 60-day period, from August 11, 2011 to October 19, 2011, which defendant argues is chargeable to the People, is excludable.
The period in question is the period from defendant’s voluntary return on a warrant. Defendant had failed to appear five times before and the court issued warrants on those occasions. The last bench warrant had been issued on July 20, 2011 and stayed until August 11th. Defendant appeared on that date; however, the People announced that they were not ready for trial.
The People assert that although they were not ready for trial on August 11th, the time should be excluded because of the “uncertainty that defendant would have appeared on that date.” The People argue that it is “well established that an adjournment following the defendant’s voluntary or involuntary return on a bench warrant is excludable, the logic being that the People do not know when the defendant will return.” They assert that “[t]his same logic can be applied here and thus the period following defendant’s return on a stayed warrant should be excludable.”
Continuing, the People argue that
“[t]here is no guarantee that the defendant will return on the date given by the court. This is especially true in this case considering the defendant bench warranted five times, three of which were on days the People were ready. It [sic] unfair to the People and People’s witnesses to expect them to be ready when the defendant’s presence is in question and she has demonstrated a pattern of disregard for the court’s orders to appear.”
CPL 30.30 (4) (c) (ii) treats the time extending from the day the court issues a bench warrant to the date defendant subsequently appears as excludable. (See People v Notholt, 242 *144 AD2d 251, 254 [1997].) The court may not expand on the statute’s unequivocal wording and adopt the People’s expansive interpretation of the law. The court may not substitute its interpretation of the statute by attempting to imagine how the legislature would have written the statute by considering varying circumstances. (McKinney’s Cons Laws of NY, Book 1, Statutes § 73; Matter of Tina Marie W., 87 AD2d 988 [1982].) Moreover, to do so, the court would have to agree with the speculation that defendant’s appearance may have been uncertain, a speculation that is belied by the fact that defendant appeared on August 11, 2011, the day the court had previously announced, on July 20, 2011, that the case would be tried. Given the fact that the court set that date as a trial date, the People should have been ready to proceed. They cannot excuse their failure with the supposition that defendant may not have appeared.
The People have failed to meet their burden of demonstrating that less than 90 days elapsed since the action’s commencement. (See People v Suarez, 259 AD2d 640 [1999].) Therefore, the information must be dismissed.
Accordingly, it is ordered that defendant’s motion is granted and the action is dismissed, and it is further ordered that, on the court’s own motion, sealing is stayed for 30 days from the date of this order.