OPINION OF THE COURT
Melissa A. Crane, J.
At the core of defendant’s CPL 30.30 motion is one adjournment period (July 9, 2014 to Sept. 22, 2014). During this time, the arresting officer, Karolina Wierzchowska, was on maternity leave and thus, unavailable to testify. Defendant asks this court to charge the entire adjournment time and dismiss the complaint. The People contend this entire period is excludable under CPL 30.30 (4) (g) as an exceptional circumstance.
The People charge defendant with operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), both unclassified misdemeanors, and operating a motor vehicle while ability impaired (Vehicle and Traffic Law § 1192 [1]). Defendant moves to dismiss on speedy trial grounds pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e).
On April 16, 2011, the court arraigned defendant. On the next court date, defendant failed to appear and the court issued a warrant. Defendant failed to return to court for more than two years. On November 8, 2013, defendant returned to court voluntarily. The court vacated the warrant and the People resumed their case against defendant.
The People must be ready for trial within 90 days of the commencement of the criminal action when defendant is accused of a misdemeanor carrying a sentence of up to one year incarceration (CPL 30.30 [1] [b]). Although a criminal action commences with the filing of an accusatory instrument, computation for speedy trial purposes commences on the next day (People v Stiles, 70 NY2d 765 [1987]).
To determine whether the People satisfied their obligation for readiness under CPL 30.30, the court must calculate the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtract any statutorily excludable periods of delay, and finally, add any *812 periods of postreadiness delay attributable to the People where no statutory exclusions apply (People v Cortes, 80 NY2d 201, 208 [1992]).
For the reasons set forth below, the court denies defendant’s motion to dismiss.
Speedy Trial Calculations
April 16, 2011 to May 9, 2011 (Zero Days)
On April 16, 2011, the court arraigned defendant. The court then set a pretrial motion schedule and adjourned the case to May 9, 2011 for response and decision. The court excludes this adjournment period (see CPL 30.30 [4] [a]), and charges zero days.
May 9, 2011 to November 8, 2013 (Zero Days)
On May 9, 2011, defendant failed to appear in court and the court issued a warrant for his arrest. More than two years passed before defendant returned to court on November 8, 2013. The court excludes the period from the issuance of the warrant until the defendant’s return (see CPL 30.30 [4] [c] [ii]), and therefore charges zero days.
November 8, 2013 to November 22, 2013 (Zero Days)
On November 8, 2013, once defendant had returned, the court set another pretrial motion schedule and adjourned the case to November 22, 2013 for response and decision. The court excludes the adjournment immediately following defendant’s return on a warrant. The People are entitled to a reasonable period of time to prepare for trial after defendant returns on a warrant (see People v Muhanimac, 181 AD2d 464, 465-466 [1st Dept 1992], lv denied 79 NY2d 1052 [1992]). The court also excludes this adjournment period for motion practice (see CPL 30.30 [4] [a]). The court charges zero days.
November 22, 2013 to January 21, 2014 (Zero Days)
On November 22, 2013, the court decided defendant’s omnibus motion, granted Mapp, Johnson, and Dunaway hearings, and adjourned the case to January 21, 2014 for hearings and trial. The court excludes this adjournment because the People are permitted “a reasonable time to prepare for trial after the rendering of decisions on motions” under CPL 30.30 (4) (a) (see also People v Cain, 291 AD2d 326, 327 [1st Dept 2002]). Thus, the court charges zero days.
January 21, 2014 to March 4, 2014 (14 Days)
On January 21, 2014, the People answered not ready. The court adjourned the case until March 4, 2014 for hearings and *813 trial. The People filed an off-calendar certificate of readiness (COR) on February 4, 2014. Accordingly, the court charges 14 days.
March 4, 2014 to April 10, 2014 (Zero Days)
On March 4, 2014, the People answered not ready for hearings and trial. The court noted on the action sheet that the arresting officer was on maternity leave. The People confirmed Officer Wierzchowska’s maternity leave in their papers, indicating that they “answered not ready for trial as the arresting officer . . . was on maternity leave and would not return until July 2014” (see People’s response to defendant’s motion to dismiss at 3, ¶ 5 [vi]). Beginning in March 2014, the People kept the court appraised of the officer’s unavailability, whereabouts, and when to expect her return.
The court also noted on the action sheet that defense counsel was on trial. Due to the unavailability of both sides, the court excludes this time and charges zero days. Defendant does not dispute that this adjournment period is excludable.
April 10, 2014 to May 27, 2014 (Zero Days)
On April 10, 2014, the People again answered not ready for hearings and trial because Officer Wierzchowska was still on maternity leave. On the preceding court date, the People informed the court that Officer Wierzchowska would be on leave until July 2014. The court excludes this time pursuant to CPL 30.30 (4) (g) as an exceptional circumstance, and charges zero days. Defendant does not dispute that this adjournment period is excludable.
May 27, 2014 to July 9, 2014 (Zero Days)
On May 27, 2014, the People again answered not ready for hearings and trial because Officer Wierzchowska was still on maternity leave. The court again excludes this time under CPL 30.30 (4) (g) and charges zero days.
Defendant does not dispute that this adjournment period is excludable. However, defendant excludes this time period, as well as the two previous adjournment periods, “due to plea negotiations” (see defendant’s motion to dismiss ¶¶ 7-8). Indeed, the court’s action sheet reflects that there would be an expected disposition during this adjournment period.
July 9, 2014 to September 22, 2014 (47 Days)
On July 9, 2014, the People answered not ready for hearings and trial, again due to Officer Wierzchowska’s unavailability. *814 Originally, the People informed the court that they expected the officer to return sometime in July 2014. However, on July 9, 2014, according to the People’s papers, they informed the court that the officer’s maternity leave had been extended through September 2014 (see People’s response to defendant’s motion to dismiss at 5, ¶ 5 [ix]). The issue here is whether the court should exclude this adjournment period under CPL 30.30 (4) (g).
Under CPL 30.30 (4) (g) (i), the court must exclude
“the period of delay resulting from a continuance granted at the request of a district attorney if . . . the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.”
To invoke excludable time because of “exceptional circumstances,” the People must demonstrate “credible, vigorous activity” in pursuing their investigation (People v Washington, 43 NY2d 772, 774 [1977]). The People must show: (1) that the witness is material to their case; (2) that they exercised due diligence to obtain the witness’s testimony; and (3) reasonable grounds to believe the witness will be available in a reasonable period (see CPL 30.30 [4] [g]).
In this case, Officer Wierzchowska’s four-month maternity leave falls within the “exceptional circumstance” parameters of CPL 30.30 (4) (g). First, the officer’s testimony is material to the case. As the arresting officer, her sworn statement provides detailed observations regarding defendant’s alleged operation of a motor vehicle while intoxicated. Second, the People have provided a certified document from the New York Police Department (NYPD), an internal police record, that shows Officer Wierzchowska was on childcare leave from April 8, 2014 to August 5, 2014 (see People’s letter to court, Feb. 25, 2015, exhibit 1).
In addition, the People exercised due diligence to secure Officer Wierzchowska’s testimony. On March 4, 2014, the Assistant District Attorney noted Officer Wierzchowska’s maternity leave on the record. The court’s action sheet reflects this. Moreover, the People claim, and defendant does not dispute, that the People informed the court, on July 9, 2014, that Officer Wierzchowska’s maternity leave would be extended into September 2014 (see People’s response at 5, ¶ 5 [ix]). The People consistently updated the court on Officer Wierzchowska’s availability.
*815 Finally, Officer Wierzchowska’s four-month maternity leave is a reasonable time period (see People v Womack, 229 AD2d 304 [1996], affd 90 NY2d 974 [1997] [holding arresting officer’s unavailability for 43 days due to maternity leave and necessary period of physical recovery, excludable time]). Defendant contends that this case differs from Womack because the specific date of birth is unknown. The exact birth date is not relevant. The People attempted to obtain Officer Wierzchowska’s appearance for trial on more than one occasion, but NYPD informed them that she was on maternity leave. The People have provided a certified document from the NYPD confirming the officer’s maternity leave. Thus, the People have demonstrated due diligence in attempting to secure Officer Wierzchowska’s appearance.
Further, childbirth, physical recovery, and childcare often require an extraordinary time commitment. Childbirth is not a uniform experience. Some women recover faster than others, some infants require more care, some families need time to find a reputable and affordable childcare provider, and there may be other unforeseen issues. Returning to work within four months is certainly within the realm of reasonable.
The People need not show that their witness was “hospitalized, completely immobile or totally incapacitated” to invoke the statutory exemption under CPL 30.30 (4) (g) (see People v Martinez, 268 AD2d 354, 354 [1st Dept 2000]). Here, the NYPD’s letter sufficiently shows medical unavailability by certifying that, based on NYPD records, Officer Wierzchowska indeed was on childcare leave from April 8, 2014 to August 5, 2014. Courts have long found witness unavailability due to medical reasons sufficient to constitute an exceptional circumstance under CPL 30.30 (4) (g)* (see People v Goodman, 41 NY2d 888, 889 [1977] [“(t)he unavailability of a principal prosecution witness, for medical reasons, is a sufficient exceptional circumstance to warrant the exclusion of the period of delay”]; People v Luperon, 196 Misc 2d 154, 157 [Sup Ct, NY County *816 2003] [even though injured officer able to do clerical work, officer medically unfit to testify in court]).
However, the People did fail to announce their readiness in the days following Officer Wierzchowska’s return to work. Therefore, the court charges the People from August 6, 2014 to September 22, 2014 (47 days), because the People did not declare readiness.
September 22, 2014 to October 28, 2014 (Two Days)
On September 22, 2014, the People again answered not ready because it was the officer’s regular day off. The People requested September 24, 2014 as a date they could be ready. The court adjourned the case until October 28, 2014, and charged the People two days.
October 28, 2014 to December 11, 2014 (Eight Days)
On October 28, 2014, the People answered not ready. The People filed a COR on November 5, 2014. The court adjourned the case until December 11, 2014 for hearings and trial. Accordingly, the court charges eight days.
The remaining adjournment periods, from December 11, 2014 to March 9, 2015, were spent on motion practice regarding defendant’s speedy trial rights. No further time accrued.
Based on the foregoing the court calculates that the People are charged with 71 days.
Accordingly, it is ordered that the court denies defendant’s motion to dismiss pursuant to CPL 30.30.

 Apparently, NYPD’s maternity leave policy states that “while on a leave of absence, a uniformed member of service will be required to appear for any hearings or trials in which the member is the arresting officer” (see People’s letter to court, Feb. 25, 2015, exhibit 2). This policy, while important to be aware of, does not impact the People’s obligations. In this case, the People made reasonable efforts and reached out to the NYPD to inquire as to Officer Wierzchowska’s status, only to learn she was still on maternity leave. By staying in contact with the NYPD about the officer’s whereabouts, the People have demonstrated diligence in securing her presence.