People v Abundis (2021 NY Slip Op 50065(U))

[*1]

People v Abundis (Johnny)

2021 NY Slip Op 50065(U) [70 Misc 3d 136(A)]

Decided on January 29, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 29, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570912/14

 The People of the State of New York,
Respondent, 
against
Johnny Abundis, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Erika M. Edwards, J. at first speedy trial motion; Ann E. Scherzer, J., at second
speedy trial motion; Gilbert C. Hong, J., at trial and sentencing), rendered September 19, 2014,
after a jury trial, convicting him of forcible touching and sexual abuse in the third degree, and
imposing sentence.

Per Curiam.
Judgment of conviction (Erika M. Edwards, J. at first speedy trial motion; Ann E. Scherzer,
J. at second speedy trial motion; Gilbert C. Hong, J., at trial and sentencing), rendered September
19, 2014 affirmed. 
The verdict convicting defendant of forcible touching (see Penal Law § 130.52[2]) and
sexual abuse in the third degree (see Penal Law § 130.55) was not against the weight of the
evidence (see People Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the
jury's credibility determinations, in which it credited the testimony of the victim and two police
officers who witnessed the incident, and found defendant not to be credible (see People v
Ramos, 166 AD3d 442 [2018], lv denied 32 NY3d 1177 [2019]).
Defendant's speedy trial motions were properly denied. The period from January 29, 2014 to
February 21, 2014 was excludable since defendant was in the custody of ICE, and the People
demonstrated that they were diligent and made reasonable efforts to secure defendant's
presence (see CPL § 30.30[4][e]; People v Pierce, 38 AD3d 262 [2007],
lv denied 8 NY3d 989 [2007]; People v Cain, 291 AD2d 326, 327 [2002], lv
denied 98 NY2d 673 [2002]; People v Smith, 138 AD2d 972 [1988], affd 73
NY2d 961 [1989]). 
With regard to the second period in dispute, the record shows that the People answered ready
on July 22, 2014, but the case had to be adjourned because no trial parts were available.
Although the People initially indicated that they would be available on July 28, they corrected
that statement later in the day to indicate that the soonest their witnesses would be ready was on
August 11th, and the court adjourned the matter to that date. In the circumstances, having
explained their reasonable request for a certain number of days, the delay from July 28, 2014 to
August 11, 2014 was properly attributed to delays of the court calendar and thus was also
excludable (see People v Goss, 87 NY2d 792, 797 [1996]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 29, 2021