People v Rivera (2024 NY Slip Op 50328(U))

[*1]

People v Rivera

2024 NY Slip Op 50328(U)

Decided on March 28, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Joey Rivera, Defendant.

Docket No. CR-017088-23BX

For the People: 
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Elizabeth Friedrich)
For the Defendant:
The Law Office of Shannon Griffin
(by: Shannon Griffin, Esq.)

Yadhira González-Taylor, J.

On December 27, 2023, defendant moved for an order invalidating the People's Certificate of Compliance ("CoC") pursuant to Criminal Procedure Law ("CPL") §§ 245.20 and 245.50 (1), dismissing the accusatory instrument on statutory speedy trial grounds pursuant to CPL §§ 30.30 and 170.30 (1) (e), and granting such additional relief as the Court deems just and proper. On March 11, 2024, the People opposed defendant's motion in its entirety and on March 15, 2024, defense counsel filed a reply affirmation.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court GRANTS defendant's motion to dismiss the accusatory instrument.
 RELEVANT PROCEDURAL BACKGROUND
On August 5, 2023, defendant Joey Rivera was arrested and charged with violating Penal Law ("PL") §§ 220.03 (criminal possession of a controlled substance in the seventh degree) and 120.00 (1) (assault in the third degree), both misdemeanors, and 240.26 (1) (harassment in the second degree), a violation. Defendant was arraigned on August 6, 2023, and released on his own recognizance.
On October 27, 2023, the People filed their CoC and statement of readiness ("SoR"). On December 13, 2023, the People served a supplemental CoC and SoR, to which they annexed activity logs for 10 police officers and a proficiency test. At a discovery conference held on December 14, 2023, defense counsel requested a motion schedule to challenge the validity of the prosecution's CoC based upon belated and missing discovery items resulting from the People's failure to exercise due diligence. 

DISCUSSION
I. The Parties' Arguments
Defendant avers that a number of known discoverable items were not disclosed until after the People's CoC filing, including activity logs, a drug lab review checklist, a proficiency test from the lab analyst, an aided card or a photograph taken at the scene and, thus, pursuant to CPL §§ 245.20 and 245.50, the CoC should be deemed invalid because the prosecution failed to exercise due diligence prior to certifying compliance and trial readiness (affirmation of defendant's counsel at 5). Defendant further asserts that the People did not disclose the controlled substance analysis worksheet and drug test results until January 12, 2024, almost three months after their CoC filing (reply affirmation of defendant's counsel at 1). Counsel further maintains that the People should be charged for having filed their opposition two months late (reply affirmation of defendant's counsel at 1-2). 
Initially, the People's opposition elides any mention or explanation for why they did not respond to the motion by their due date of January 11, 2024, and instead filed on March 11, 2024 (affirmation in opposition at 3). The prosecution contends the CoC was filed in good faith after the originally assigned ADA made seven attempts to procure activity logs and endeavored to obtain discovery from the NYPD Lab concerning the controlled substance analysis worksheet, re-review checklist and lab results, to no avail (affirmation in opposition at 5).
The People maintain that their continuing efforts to marshal discoverable items aligned with their continuing duty to disclose pursuant to CPL § 245.60, and that their CoC should not be impugned because of belated disclosures despite their demonstrated diligence (affirmation in opposition at 5). The People argue that dismissal of the accusatory instrument is an inappropriate remedy where defense counsel has demonstrated no prejudice resulting from belated disclosure (affirmation in opposition at 7-10). Lastly, the prosecution contends that its declaration of trial readiness was made on the 83rd day following arraignment and, thus, is within the statutorily allotted speedy trial time (affirmation in opposition at 10-11). 
II. The Court's Analysis
CoC Challenge
Contrary to defense counsel's assertion that a CoC cannot be filed until the People have actually obtained and disclosed outstanding material to the defense, CPL § 245.60 provides that both the prosecution and the defendant have a continuing duty to disclose information which is subsequently (post-CoC filing) obtained (see CPL § 245.60; see also People v Bay, — NE3d —, 2023 NY Slip Op 06407, *15-16 [2023]). 
Moreover, the Court of Appeals, rejecting a standard of strict compliance to gauge the prosecution's discharge of CPL § 245.20 disclosure obligations, instead emphasized several factors that courts should consider to determine whether the prosecution exercised due diligence, including "the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (see Bay, 2023 NY Slip Op 06407, *16).
This Court credits the prosecution's representation that the originally assigned ADA attempted to obtain activity logs on August 5, 2023, September 5, 2023, September 21, 2023, October 2, 2023, October 16, 2023, October 20, 2023, and October 24, 2023, which efforts were continued by the newly assigned ADA, who finally procured them on November 15, 2023. We further credit the newly assigned ADA's representation that the proficiency test and controlled substance analysis worksheet, lab results and re-review checklist were further disclosed on [*2]December 13, 2023 and January 12, 2024, respectively, following her continued diligence. 
Considered through the lens of the Bay decision, the record demonstrates that the People exercised due diligence in the discharge of their discovery obligations. Consequently, we find that the People's CoC, filed October 27, 2023, was valid.
The People's Filing of Their Opposition was Untimely
The People did not file their opposition on January 11, 2024, as required by the motion schedule. Indeed, the prosecution was not heard from until March 11, 2024, when in response to an email from the Court dated March 8, 2024, the assigned ADA advised that she would be "filing the opposition today." The assigned ADA further explained that the case had been reassigned to her while she was out. 
Criminal Procedure Law § 30.30 (4) (a) provides that when computing the timeliness of the People's declaration of readiness for trial, certain periods of time must be excluded for a "reasonable period of delay resulting from [ ] pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court" (see CPL § 30.30 [4] [a] [emphasis added]; see also People v Martinez, 80 Misc 3d 1214[A], 2023 NY Slip Op 50996[U], *10-11 [Crim Ct, Bronx County 2023] citing People v Reid, 245 AD2d 44 [App Div 1st Dept 1997]; People v Simpkins, 193 Misc 2d 148, 151 [Crim Ct, Bronx County 2001]; People v Commack, 194 AD2d 619, 620 [App Div 2nd Dept 1993]; People v Gonzalez, 266 AD2d 562, 563 [App Div 2nd Dept 1999]; People v Azcona, 180 AD2d 690, 691 [App Div 2nd Dept 1992]; People v Beshiri, 75 Misc 3d 1206[A], 2022 NY Slip Op 50400[U], *4 [Crim Ct, Bronx County 2022]; People v Vidal, 180 AD2d 447 [App Div 2nd Dept 1992]).
As noted by the Beshiri court, "when a lawyer isn't going to be able to meet a court-imposed deadline, the lawyer asks the Court for more time rather than simply filing the papers on his or her newly self-created schedule" (see Beshiri, 2022 NY Slip Op 50400[U], *3 [internal quotations omitted]). Here, the 60-day period between when the People's opposition was due and when they requested an extension in response to the Court's inquiry constitutes an undue delay. Moreover, the People cannot at once argue that their attempts to follow-up with the NYPD Lab for the outstanding reports on January 2nd and January 9th demonstrate due diligence while also complaining that they did not get to file an opposition which was due by January 11, 2024, because the case had been reassigned.
Accordingly, the 60-day delay is not excludable pursuant to CPL § 30.30 (4) (a).
III. The CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 [1][b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d at 78). 
The People's 30.30 calculation commenced on August 7, 2023, the day after defendant's arraignment. When the People filed a valid CoC on October 27, 2023, they declared their readiness for trial and stopped their speedy-trial clock on the 79th day. However, when the 60 days occasioned by the People's unreasonable delay in opposing the motion is added, 139 days in total are chargeable to the prosecution, which exceeds the speedy trial time prescribed by law (see CPL § 30.30 [1][b]).

CONCLUSION
Based upon the foregoing, the Court grants defendant's motion to dismiss the accusatory instrument for failure to timely prosecute.
This constitutes the opinion, decision, and the order of the Court.
Dated: March 28, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.