People v Wise (2024 NY Slip Op 50605(U))

[*1]

People v Wise

2024 NY Slip Op 50605(U)

Decided on May 21, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 21, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Michael Wise, Defendant.

Docket No. CR-022619-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Akeem Williams)
For the Defendant:
The Bronx Defenders
(by: Lawrence Pierce, Esq.)

Yadhira González-Taylor, J.

By omnibus motion dated March 21, 2024, defendant Michael Wise moves this Court to dismiss the accusatory instrument pursuant to Criminal Procedure Law ("CPL") § 30.30 (1) (b), inter alia, on the grounds that the prosecution has failed to comply with its § 245.20 (1) automatic disclosures and, thus, the People's Certificate of Compliance ("CoC") should be deemed invalid, and the period of their non-compliance charged against them. Alternatively, defendant seeks an order suppressing chemical breath evidence and any observations of defendant by police, or hearings pursuant to Ingle/Johnson/Atkins/Mapp/Dunaway and a hearing on the underlying facts pursuant to People v Allard, 28 NY3d 41 [2016] if the prosecution opposes the motion. On April 19, 2024, the prosecution opposed the motion. On April 25, 2024, defense counsel advised the Court that no reply would be filed. Upon review and consideration of the submissions, court file and relevant legal authority, the Court:
DENIES defendant's motion to dismiss; and
DEEMS the People's CoC, dated January 11, 2024, VALID; and
DENIES defendant's request for an order suppressing evidence but GRANTS defendant's request for pre-trial hearings pursuant to Ingle/Johnson/Atkins/Mapp/Dunaway; and
DIRECTS defendant to file a CoC pursuant to CPL § 245.50 (2) within two weeks of this Decision and Order, certifying his compliance with the People's request for reciprocal discovery pursuant to CPL § 245.20 (1) (f), (g), (h), (j), (l) and (o); and
Defendant's right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3); and
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to Allard at 41.
This constitutes the opinion, decision, and order of the Court.
RELEVANT PROCEDURAL BACKGROUND
On October 14, 2023, defendant Michael Wise was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (2-a) (a) (aggravated driving while intoxicated, per se), 1192 (2) (driving while intoxicated), 1192 (3) (driving while intoxicated), all misdemeanors, and 1192 (1) (driving while impaired), a violation. Defendant was arraigned on October 15, 2023, and released on his own recognizance. At the discovery conference held on February 7, 2024, the parties were ordered to confer after defense counsel advised the court that although the prosecution had filed a CoC off-calendar, various discovery items, including body-worn camera ("BWC") footage, remained outstanding. At the discovery conference held on February 22, 2024, defense counsel requested the instant motion schedule. 

DISCUSSION
I. Applicable Legal Standards
The CoC Challenge

When evaluating a motion to dismiss claiming that the prosecution's CoC is illusory due to the prosecution's alleged failure to comply with automatic disclosures pursuant to CPL § 245.20,the Court of Appeals has advised trial courts that the key question in determining prosecutorial due diligence is whether the People have "made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see People v Bay, — NE3d —, 2023 NY Slip Op 06407, *2 [2023] [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
The CPL § 30.30 Challenge
A defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see People v Luperon, 85 NY2d 71, 77-78 [1995]). Thereafter, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Consequently, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed as a consequence of any chargeable period of non-compliance which renders the prosecution untimely (see Bay, 2023 NY Slip Op 06407, *2).
II. Parties' Arguments
Defendant posits that the prosecution's CoC should be deemed invalid because the People failed to disclose an activity log for Police Officer ("PO") Outlaw; defendant's original arrest report; the People's case summary; the IDTU Tech Health Permit Card; a police data sheet; the radio run report; and BWC and an activity log for PO Luz Flores with their initial disclosures on January 11, 2024 (defense counsel affirmation at ¶¶ 13-16). Counsel argues alternatively that the belated disclosure of the radio run further demonstrates a lack of due diligence by the assigned ADA (defense counsel memorandum of law at § 3). Lastly, defendant avers that all evidence concerning his chemical blood test and police observations was unlawfully obtained without probable cause or defendant's consent (defense counsel memorandum of law). 
The People claim that their disclosures were timely shared via a OneDrive link on [*2]January 11, 2024, and that after being advised by defense counsel on February 2, 2024, that he could not locate various items, the prosecution detailed where all the materials were on OneDrive except for the activity log and BWC pertaining to PO Luz Flores (People's affirmation at 3). Moreover, the People aver that when defense counsel reiterated his concern about whether the outstanding items had been part of the prosecution's disclosures, he confirmed disclosure with a screenshot of the shared items on the OneDrive link, which indicated that no modifications had been made (People's affirmation at 3-4). The People contend that PO Luz Flores had been inadvertently referenced in the BWC checklist because she was not on patrol nor present at the arrest scene and, further, that NYPD later clarified that PO Edwin Florez, not PO Luz Flores, was a responding officer (People's affirmation at 4). The prosecution opposes defendant's request for an order suppressing evidence or, alternatively, granting pre-trial hearings pursuant to Ingle/Johnson/Atkins/Mapp/Dunaway as well as defendant's request for a hearing pursuant to Allard (People's affirmation at 8-12). Lastly, the People seek reciprocal discovery from defendant pursuant to CPL § 245.20 (1) (f), (g), (h), (j), (l) and (o) (People's affirmation at 12).
III. The Court's Analysis
The record at bar includes a copy of the screenshot provided to defense counsel which demonstrates that the People shared evidence concerning PO Outlaw, the arrest paperwork, and the radio run report contemporaneously with their CoC filing. Further, defendant's Exhibit F, a screenshot depicting links to several documents, submitted in support of the proposition that the People's disclosures to defendant omitted several items, merely indicates that the files had been modified on January 12th, before defense counsel even endeavored to follow-up because he had "difficulty locating items." Arguably, the prosecution should have clarified the confusion occasioned by PO Luz Flores's inadvertent inclusion in the BWC checklist in preparation for the discovery conference by advising defense counsel that she had been mistaken for PO Edwin Florez. 
However, the Court credits the assigned ADA's representation that defense counsel had been advised where to locate the purportedly outstanding items, which we believe had already been disclosed on January 11, 2024, in the OneDrive folder before and after the docket was reassigned to him. PO Luz Flores was not a responding officer, as clarified by the People. Therefore, the prosecution has no duty to disclose evidence which was never created. 
The record at bar establishes the People's reasonable efforts to comply with CPL § 245.20 (1) (see Bay, 2023 NY Slip Op 06407, *6]["Factors to consider when adjudicating due diligence include the volume of discovery provided and outstanding, the obviousness of missing material to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery"]). We find that it strains credulity to advance a challenge to the validity of the prosecution's CoC based upon counsel's purported difficulties in locating documents which were properly served (see People v Nichols, 79 Misc 3d 1211[A], 2023 NY Slip Op 50591[U], *3 [Crim Ct, Bronx County 2023]["(T)here is also no statutory authority to find that the People have improperly served their disclosures where the record demonstrates that the prosecution endeavored to and did serve discovery to the assigned defense counsel's email"]).
Defense counsel's difficulty locating the People's disclosures is a result of modernity since discovery is now shared online, as opposed to the past when hard copies of documents were handed over in containers. However, the prosecution is not legally responsible for defense [*3]counsel's problems accessing the information timely disclosed by the People, nor is this issue a basis for invalidating their CoC.
The People's CoC, dated January 11, 2024, is deemed valid.
IV. CPL § 30.30 Calculation
Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
In the case at bar, the People's 30.30 calculation commenced on October 16, 2023, the day after defendant's arraignment. With a valid CoC, the prosecution stopped the speedy trial computation on January 11, 2024 (October 16, 2023, to January 11, 2024 = 87 days charged to the People). Hence, the prosecution's declaration of trial readiness was made within the statutorily allotted time, 90 days (see CPL § 30.30 [1] [b]). Additionally, the Court does not find that the prosecution's two-day delay in filing its opposition constitutes an undue delay and, thus, denies defense counsel's request to charge the prosecution with this time (see People v Rivera, 82 Misc 3d 1217[A], 2024 NY Slip Op 50328[U], *2 [Crim Ct, Bronx County 2023]["Here, the 60-day period between when the People's opposition was due and when they requested an extension in response to the Court's inquiry constitutes an undue delay"]).
V. Other Relief
Defendant's motion for an order granting pre-trial hearings pursuant to Ingle/Johnson/Atkins/Mapp/Dunaway, is granted. There are no unresolved issues that warrant a hearing on the underlying facts pursuant to Allard at 41. Lastly, defendant is directed to file a CoC pursuant to CPL § 245.50 (2) within two weeks of this Decision and Order, certifying his compliance with the People's request for reciprocal discovery pursuant to CPL § 245.20 (1) (f), (g), (h), (j), (l) and (o).

CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion to dismiss; and further
DEEMS the People's CoC, dated January 11, 2024, VALID; and
DENIES defendant's request for an order suppressing evidence but GRANTS defendant's request for pre-trial hearings pursuant to Ingle/Johnson/Atkins/Mapp/Dunaway; and
DIRECTS defendant to file a CoC pursuant to CPL § 245.50 (2) within two weeks of this Decision and Order, certifying his compliance with the People's request for reciprocal discovery pursuant to CPL § 245.20 (1) (f), (g), (h), (j), (l) and (o); and
Defendant's right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3); and
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to Allard at 41.
This constitutes the opinion, decision, and order of the Court.
Dated: May 21, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.