People v Bravo (2024 NY Slip Op 51037(U))

[*1]

People v Bravo

2024 NY Slip Op 51037(U)

Decided on August 8, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Segundo Naula Bravo, Defendant.

Docket No. CR-016054-22BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: Katerina F. Powers, Assistant District Attorney)
For the Defendant:
The Bronx Defenders
(by: Alyssa Harriston, Law Graduate,
supervised by Angeline Anderson, Esq.)

Yadhira González-Taylor, J.

By notice of motion dated April 27, 2024, defendant moves for dismissal of the accusatory instrument pursuant to, inter alia, Criminal Procedure Law ("CPL") §§ 30.30 (1) (b), 30.30 (5), 170.30 (1) (d), and 170.30 (1) (e) because the People's Certificate of Compliance ("CoC") and supplemental CoCs ("SCoC') were illusory pursuant to CPL §§ 245.20 and 245.50 and, thus, the prosecution was not ready for trial pursuant to §§ 245.50 (3) and 30.30 (5). Additionally, defendant moves to reserve his right to file additional applications, and for hearings on the underlying facts pursuant to People v Luperon, 85 NY2d 71 [1995] and People v Allard, 28 NY3d 41 [2016], respectively, if the People oppose the motion, and for such additional relief as this Court deems just and proper. The People opposed the motion in its entirety.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court: 
DENIES defendant's motion to dismiss pursuant to CPL §§ 30.30 (1) (b), 30.30 (5), 170.30 (1) (d), and 170.30 (1) (e); and
DEEMS the People's CoC filed on November 23, 2022, VALID; and
DENIES defendant's request for a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra; and
DIRECTS the People to unredact all references to named police officers in the IAB logs previously disclosed for Police Officer ("PO") Carlos Hidalgo, PO Ryan Barber, PO Billy Ramirez, PO Eugene Urman, and PO Julio Adames, including IAB log #19-11199 for PO Adames, IAB Log ##20-16795 and 21-6043 for PO Urman within ten (10) days of this Decision and Order; and
DIRECTS the People to file and serve an SCoC certifying compliance with their CPL § 245.20 disclosure obligations concerning the unredacted references to police officers in [*2]the IAB logs pursuant to this Order contemporaneously with their disclosure; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady disclosures; and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3).
RELEVANT PROCEDURAL BACKGROUND
On September 11, 2022, defendant Segundo Naula Bravo was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (2-a) (a) (aggravated driving while intoxicated, per se), 1192 (2) (driving while intoxicated, per se), 1192 (3) (driving while intoxicated), all misdemeanors, and 1192 (1) (driving while impaired), a violation. Defendant was arraigned on September 12, 2022, and released on his own recognizance. At the court appearance held on December 12, 2022, the People advised the court that their CoC and Statement of Readiness ("SoR") had been filed on November 23, 2022. On June 16, 2023, the People served a supplemental CoC ("SCoC") and second SoR when they disclosed Intoxilyzer 9000 device calibration reports. On July 14, 2023, the People served their second SCoC and another SoR when they disclosed 911 call and Sprint reports and a radio run. On October 3, 2023, the People served their third SCoC and another SoR when they disclosed defendant's DMV driver's abstract and registration and additional reports and certifications for the Intoxilyzer 9000 device. At the court appearance held on August 9, 2023, Honorable Giyang An rendered a Decision and Order which denied in its entirety defendant's motion to suppress evidence following a Mapp/Huntley/Dunaway/Johnson/Atkins/Odum/Rossi hearing, and after defendant advised the court that he was leaving the country for approximately one month, the matter was adjourned to October 17, 2023, for trial. However, defendant did not appear for trial, his counsel advised the court that he was out of the country, and she was uncertain of when he would return, and a bench warrant was stayed. The matter was adjourned to December 8, 2023, for defendant to appear but the court was then advised that defendant was in Ecuador with his sick mother, the bench warrant was again stayed, and the matter adjourned to February 13, 2024, for defendant to appear. On February 13, 2024, defendant did not appear and after the court was advised that defendant may have been stranded while traveling, the bench warrant was stayed for the third time and the matter adjourned to February 15, 2024, for defendant to appear.
Defendant appeared at the next court appearance and the matter was adjourned to April 22, 2024, for trial, after the covering ADA advised this Court that the assigned ADA was engaged in multiple trials and was unavailable until April 8, 2024. On April 26, 2024, the People filed their fourth SCoC and another SoR, which purported to supplement their disclosures pertaining to an updated witness list which named PO Hidalgo, PO Barber, PO Ramirez, PO Urman and PO Adames, their Giglio materials, and a Spanish-English translation of PO Ramirez's body-worn camera ("BWC") footage. Although the People's opposition was due by May 28, 2024, the assigned ADA did not file her brief, which opposed the motion in its entirety, until June 21, 2024. Although the motion schedule was amended to afford defense counsel until July 11, 2024, to file a reply brief, the Court subsequently granted defendant an extension to July 24, 2024.

DISCUSSION
[*3]I. Applicable Legal Standards
The CoC Challenge
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]).
In People v Bay, the Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence (see Bay, 41 NY3d 200 [2023]). The Bay Court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay at 211[emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see Luperon at 77-78). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Consequently, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed as a consequence of any chargeable period of non-compliance which renders the prosecution untimely (see Bay at 214).
II. The Parties' Arguments
Defense counsel asserts that the prosecution improperly disclosed an updated witness list, Giglio materials for the newly named officers, and a translation of PO Ramirez's BWC footage on the eve of trial in contravention of CPL § 245.10 (1) (b) (affirmation of defendant's counsel at 11). Specifically, counsel argues that the prosecution was on notice that POs Adames, Urman and Ramirez played an integral role in the investigation and arrest of defendant and the People's failure to initially name these officers as potential witnesses and to disclose their disciplinary histories indicates a lack of due diligence that renders their CoC illusory (affirmation of defendant's counsel at 14-15). Additionally, defendant contends that the prosecution's fourth SCoC fails to explain why the translation of PO Ramirez's BWC video was belatedly disclosed on the eve of trial (affirmation of defendant's counsel at 18). 
Next, counsel avers that the time from defendant's return to court on February 15, 2024, [*4]to April 8, 2024, the adjournment date requested by the covering ADA, is not excludable time pursuant to CPL § 30.30 (4) where the People never reaffirmed their readiness and, thus, the aggregate pre-readiness and post-readiness delays total 144 days, in excess of the prosecution's statutory 30.30 time (affirmation of defendant's counsel at 23-24). Defendant further reserves his right to seek an order precluding the introduction at trial of the People's belated disclosures. Defendant's reply brief reiterates his prior arguments and further argues that the People did not demonstrate that the delay from February 15, 2024, to April 8, 2024, was caused by defendant's absence or unavailability (reply affirmation of defendant's counsel at 17). Moreover, counsel argues that the prosecution's statutory obligation to timely comply with mandated disclosures, namely an updated witness list and Giglio materials for testifying witnesses, is not tolled because defendant had not filed his own CoC (reply affirmation of defendant's counsel at 19). Lastly, defense counsel maintains that the People should be charged for their unexplained delay in opposing the motion (reply affirmation of defendant's counsel at 23-24). 
Initially, the People aver that defendant's right to a speedy trial has been hampered primarily by his four-month absence from court from October 17, 2023, to February 15, 2024 (People's affirmation at 8, 12). The prosecution further argues that defense counsel's failure to file a reciprocal CoC occasioned the People's belated disclosures because they were left in the dark concerning possible defenses (People's affirmation at 4-5). Additionally, the People claim that they would have been permitted to call at trial officers not previously identified as witnesses and, thus, defendant would have received the belated Giglio materials following motions in limine (People's affirmation at 5-6). 
The prosecution asserts that the translation of PO Ramirez's BWC video was not belated insofar as the translation was not generated until just before their fourth SCoC filing on April 26, 2024 (People's affirmation at 6). The prosecution further contends that POs Adames, Urman and Ramirez were named in the Automatic Disclosure Form, dated and served on November 23, 2022, as law enforcement personnel who had relevant evidence concerning defendant's case and that belated disclosure of their Giglio materials was reasonable where defendant had yet to file his own CoC (People's affirmation at 6-7). Finally, the assigned ADA maintains that the period from February 15, 2024, to April 8, 2024, is excludable time because the delay was not caused by the People who had previously announced and restated their readiness for trial and that the prosecution was timely because only 74 days are chargeable to the People (People's affirmation at 13-14).
III. The Court's Analysis
CPL § 30.30: Excludable Time
As a threshold matter, the Court is perplexed why the assigned ADA would assert that the adjournment from February 15, 2024, to April 8, 2024, was not requested by the People where the transcript of the appearance before this Court unambiguously provides that the covering ADA asked the Court "Can the case be adjourned to April so she [the assigned ADA] has time to continue discussing with Defense? And she is also on trial, multiple trials until then" (see affirmation of defendant's counsel, Exhibit C at lines 18-20). Equally unavailing is the prosecution's reliance on People v Castello, where the court held that the People should not be charged time where their witness was unavailable due to paternity leave (see Castello, 74 Misc 3d 451, 458 n 4 [Crim Ct, Kings County 2022] ["A witness's need to care for a family member [*5]as a result of the family member's medical condition has been deemed an exceptional circumstance that renders the witness unavailable to the People"]). Clearly, Castello is not instructive for analysis of the facts presented.
However, notwithstanding defense counsel's protestations that defendant's absences from court on October 17, 2023, December 8, 2023, and February 13, 2024, had no bearing on the prosecution's subsequent readiness, the fact is the People were not expected to commence trial on February 15, 2024, when after an absence of 121 days, defendant returned to court because the matter was specifically adjourned to December 8, 2023, February 13, 2024, and February 15, 2024, for defendant to appear, and not for trial. Accordingly, defendant's reliance upon the holding in People v Lauriano is wholly misplaced where following five missed court dates, the prosecution stated not ready for trial when the defendant finally returned to court- on the previously agreed upon trial date (see Lauriano, 35 Misc 3d 190, 192 [Crim Ct, New York County 2012]["Given the fact that the court set that date as a trial date, the People should have been ready to proceed"]).
Here, after 121 days where the court and the People were alternatively advised that defendant would be out of the country for one month (August 9, 2023 appearance), that defendant was out of the country and counsel was unaware of when he would return (October 17, 2023 appearance), that defendant was in Ecuador caring for his infirmed mother (December 8, 2023 appearance), and that defendant may have been stranded while traveling (February 13, 2024 appearance), the People were not expected to be ready for trial and it would have been unreasonable for them to be deprived of the time to prepare when they were unaware of when defendant would return (see People v Degro, 141 Misc 2d 810, 812 [Crim Ct, New York County 1988] ["To hold otherwise would unduly burden the People by requiring them to be ready for hearings and trial everyday of the year on cases that are not calendared, but on the chance that the defendant might choose to appear"]; see also People v Silverstri, 48 Misc 3d 810, 812 [Crim Ct, New York County 2015] citing to People v Muhanimac, 181 AD2d 464, 465-466 [1st Dept 1992], lv. denied 79 NY2d 1052 [1992] ["The People are entitled to a reasonable period of time to prepare for trial after defendant returns on a warrant"]; see also People v Joseph, 47 Misc 3d 265, 271 [Crim Ct, New York County 2014] ["The adjournment immediately following defendant's return on a bench warrant is excludable. The People are entitled to a reasonable period of time to prepare for trial"]). Consequently, this Court finds that the 53-day adjournment from February 15, 2024, to April 8, 2024, is excludable pursuant to CPL § 30.30 (4) (g). Additionally, although the prosecution requested an adjournment until April 8, 2024, the trial was adjourned until April 22, 2024, due to defense counsel's unavailability.
CoC Challenge: Belated Disclosures
The Bay Court's admonishment to trial courts that "there is no rule of strict compliance" will not preemptively shield the prosecution's CoC from challenge where the record does not establish reasonable efforts to comply with CPL § 245.20 (1) (see Bay at 212).
Moreover, defendant also has a duty to provide CPL § 245.20 disclosures and to certify his own compliance with the obligation to provide the prosecution with reciprocal discovery (see CPL § 245.20 [4]; see also Bay at 209 ["As with the People, if a defendant violates their discovery obligations, a CPL § 245.80 remedy or sanction may be imposed against them"). In [*6]fact, this reciprocal discovery mandate requires defendant to disclose the names, addresses, statements, and birthdates of persons whom defendant intends to call as a witness at trial or a pre-trial hearing (see CPL § 245.20 [4] [a] [emphasis added]).
Although the record is clear that the People did not endeavor to file their fourth SCoC until a few days before the scheduled trial date of April 29, 2024, and the Court is cognizant of the requirement that the prosecution fulfill its supplemental discovery obligations not later than fifteen days prior to the first scheduled trial date pursuant to CPL § 245.10 (1) (b)- irrespective of defense counsel's dereliction in filing a reciprocal CoC- we find that circumstances at bar warrant the exercise of the Court's discretion pursuant to CPL § 245.35 (4) to permit the belated disclosure for the following reasons. 
Initially, the Court credits the assigned ADA's representation that the translation of PO Ramirez's BWC video was timely disclosed after it was prepared. We also note that defense counsel had already been provided discovery for the then non-testifying POs Urman, Ramirez and Adames, including memo book entries and BWC video, via the People's Automatic Disclosure Form, filed contemporaneously with their CoC on November 23, 2022. Furthermore, because the prosecution served defense counsel with CPL § 710.30 (1) (a) notice that defendant made statements to officers, including POs Urman, Ramirez and Adames, which the People intended to use at trial, defendant could not have been unaware that these officers could potentially testify at trial. 
Although the People's eleventh-hour complaint that they were deprived of their ability to designate [rebuttal] witnesses and anticipate potential defenses despite repeatedly complying with the continuing duty to disclose could have been addressed much earlier had the prosecution moved for remedy or sanction for defense counsel's failure to comply with CPL § 245.20 (4), defendant's filing of the instant motion to dismiss on April 27, 2024, effectively tolled the prosecution's speedy trial clock and necessarily adjourned the commencement of trial pending motion practice. The Legislative reforms that animate CPL § 245 could not have intended such a sword and shield approach which results in the invalidation of the People's CoC and permits counsel to delay their disclosure obligations while defendant removes himself from the court's jurisdiction for four months. Accordingly, this Court declines to hold that the belated disclosure of the People's updated witness list naming POs Urman, Ramirez and Adames, their Giglio disclosures, and disclosure of the English translation of PO Ramirez's BWC footage is a basis to invalidate the prosecution's CoC, filed on November 23, 2022.
However, given the Legislature's repeal of Civil Rights Law § 50-a to promote transparency of police disciplinary records, redactions of police officers' names and precincts are not permissible and the People are directed to remove all such redactions in the IAB logs previously disclosed for PO Hidalgo, PO Barber, PO Ramirez, PO Urman, and PO Adames, including IAB log #19-11199 for PO Adames, IAB Log ##20-16795 and 21-6043 for PO Urman within ten (10) days of this Decision and Order.
Other Relief Sought by Defendant
Defendant's request for a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra is denied because the Court finds that the People's opposition has settled all factual disputes. 
Additionally, defense counsel asks that this Court charge the prosecution with 24 days because the People's opposition, due May 28, 2024, was not filed until June 21, 2024. However, [*7]the Court does not find that the People evinced a pattern of dilatoriness (see People v Martinez, 80 Misc 3d 1214[A], *4 [Crim Ct, Bronx County 2023]; compare People v Wise, 82 Misc 3d 1253[A], *4 [Crim Ct, Bronx County 2023], with People v Rivera, 82 Misc 3d 1217[A], 2024 NY Slip Op 50328[U], *2 [Crim Ct, Bronx County 2023]["Here, the 60-day period between when the People's opposition was due and when they requested an extension in response to the Court's inquiry constitutes an undue delay"]). The People's 24-day delay in opposing the motion will not be charged against the prosecution.
IV. The CPL § 30.30 Calculation
The People's 30.30 calculation commenced on September 12, 2022, the day after defendant's arraignment. On November 23, 2022, the People filed a valid CoC (September 12, 2022 — November 23, 2022: 72 days charged to the People). On June 16, 2023, the matter was scheduled for hearings and the People asked for a four-day adjournment as the assigned ADA was engaged (June 16, 2023 — June 20, 2023: 4 days charged to the People).
On July 17, 2023, the suppression hearing commenced, and the matter was adjourned for decision until August 9, 2023 (July 17, 2023 — August 9, 2023: 0 days charged to the People). On August 9, 2023, defendant's request for an order suppressing evidence was denied and the matter adjourned to October 17, 2023, for trial, after the court was advised that defendant was leaving the country but would return in approximately one month (August 9, 2023 — October 17, 2023: 0 days charged to the People).
On October 17, 2023, defendant did not appear for court, the bench warrant was stayed, and the matter adjourned to December 8, 2023, for defendant to appear (October 17, 2023 — December 8, 2023: 0 days charged to the People). On December 8, 2023, defendant did not appear for court, the bench warrant was stayed, and the matter adjourned to February 13, 2024, for defendant to appear (December 8, 2023 — February 13, 2024: 0 days charged to the People).
On February 13, 2024, defendant did not appear, the bench warrant was stayed, and the matter adjourned to February 15, 2024, for defendant to appear (February 13, 2024 — February 15, 2024: 0 days charged to the People). On February 15, 2024, defendant returned to court, and the People requested an adjournment to April 8, 2024, as the assigned ADA was engaged in multiple trials, but defense counsel requested the matter be adjourned to April 22, 2024, for trial (February 15, 2024 — April 8, 2024: 0 days charged to the People, who are not charged for the first adjournment following defendant's return to the court's jurisdiction after four months); and (April 8, 2024 — April 22, 2024: 0 days charged to the People because of defense counsel's unavailability).
On April 22, 2024, there were no Quechua interpreters available, and the matter was adjourned to April 29, 2024. However, defense counsel filed the instant motion thereby tolling the prosecution's speedy trial time (April 22, 2024 — April 29, 2024: 0 days charged to the People). 
Consequently, 76 days are chargeable to the People and, thus, the prosecution was timely pursuant to CPL § 30.30 (1) (b).

CONCLUSION

Based upon the foregoing, the Court: 
DENIES defendant's motion to dismiss pursuant to CPL §§ 30.30 (1) (b), 30.30 (5), 170.30 (1) (d), and 170.30 (1) (e); and
DEEMS the People's CoC filed on November 23, 2022, VALID; and
DENIES defendant's request for a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra; and
DIRECTS the People to unredact all references to named police officers in the IAB logs previously disclosed for Police Officer ("PO") Carlos Hidalgo, PO Ryan Barber, PO Billy Ramirez, PO Eugene Urman, and PO Julio Adames, including IAB log #19-11199 for PO Adames, IAB Log ##20-16795 and 21-6043 for PO Urman within ten (10) days of this Decision and Order; and
DIRECTS the People to file and serve an SCoC certifying compliance with their CPL § 245.20 disclosure obligations concerning the unredacted references to police officers in the IAB logs pursuant to this Order contemporaneously with their disclosure; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady disclosures; and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3).
This constitutes the opinion, decision, and order of the Court.
Dated: August 8, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.